WO              IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


GWITCHYAA ZHEE CORPORATION and ) 
GWICHYAA ZHEE GWICH'IN TRIBAL ) 
GOVERNMENT, ) 
 ) 
              Plaintiffs, ) 
 ) 
    vs. ) 
 ) 
CLARENCE ALEXANDER and DACHO ) 
ALEXANDER, ) 
 )     No. 4:18-cv-0016-HRH
             Defendants. ) 
 )

## O R D E R

## Motion to Remand

Plaintiffs move to remand this case to state court.[1]  This motion is opposed.[2] Oral

argument was not requested and is not deemed necessary.

## Background

Plaintiffs are Gwitchyaa Zhee Corporation and Gwichyaa Zhee Gwich'in Tribal

Government.  Defendants are Clarence Alexander and Dacho Alexander.

---

[1]Docket No. 11.

[2]Docket No. 14.

"Plaintiff GZ Corporation is an" Alaska Native Claims Settlement Act (ANCSA) "village corporation for the area of Fort Yukon, Alaska."[3]   "Plaintiff Gwichyaa Zhee Gwich'in Tribal Government . . . is a federally recognized tribe. . . ."[4]

Plaintiffs allege that "[p]ursuant to ANCSA, GZ Corporation received title to land formerly held by the federal government."[5]  Plaintiffs further allege that "[i]n 1994, Plaintiff GZ Corporation and Plaintiff Tribe executed a Land Transfer Agreement that purports to transfer GZ Corporation's title in the land at issue in the lawsuit to the Tribe.  However, the Land Transfer Agreement exempts from that transfer any land GZ Corporation is required to transfer as a § 14(c)(1) Claim."[6]

> Pursuant to § 14(c)(1) of [ANCSA], village corporations that receive title to the surface estate of land formerly held by the federal government are required to convey title to property occupied by anyone that used the land as, among other things, a primary residence, a primary place of business, or as a subsistence campsite. . . .[[7]]

Plaintiffs allege that in 2008, in order to comply with its obligations under § 14(c)(1) of ANCSA, "GZ Corporation submitted a 'Map of Boundaries' to the federal Bureau of Land

---

[3]Complaint at 3, ¶ 7, Exhibit A, Notice of Removal of Civil Action, Docket No. 1.

[4]Id. at 2, ¶ 2.

[5]Id. at 3, ¶ 7.

[6]Id. at 3, ¶ 8.

[7]Id. at 2, ¶ 6.

Management . . . that identified" 14(c)(1) claims in the Fort Yukon area.[8]  Plaintiffs allege

that "[t]he Fort Yukon Map of Boundaries created Tract 19 and 19A."[9]

The Fort Yukon Map of Boundaries states that

> [t]his Map of Boundaries depicts all tracts of land to be con-
> veyed under section 14(c) of the Alaska Native Claims Settle-
> ment Act (85 stat 688) and represents the complete fulfillment
> of the Gwitchyaa Zhee Corporation obligations under section
> 14(c) of ANCSA, for the Village of Fort Yukon.[10]

The President of GZ Corporation certified "that to the best of our knowledge, all conflicts

concerning property lines shown on this Map of Boundaries have been resolved[.]"[11]  The

Deputy Mayor of Fort Yukon approved the boundaries shown on the map and the BLM

---

[8]Id. at 3, ¶ 9; the Fort Yukon Map of Boundaries is attached as Exhibit A to plaintiffs' complaint.

[9]Id. at 3, ¶ 10.

[10]Exhibit C, Affidavit of Defendant Demetrie (Dacho) Alexander, appended to Defendants' Opposition to Plaintiffs' Motion to Remand, Docket No. 14.  This is an enlarged version of a portion of the Map of Boundaries that is attached to plaintiffs' complaint. Defendants request that the court take judicial notice of text of the Fort Yukon Map of Boundaries as well as the identities of the signatories and the dates of the signatures on the Map.  Plaintiffs do not dispute the authenticity of either the copy of the Fort Yukon Map of Boundaries attached to their complaint or the copy attached to Dacho Alexander's affidavit. Pursuant to Federal Rule of Evidence 201, the court will take judicial notice of the text of the Fort Yukon Map of Boundaries as well as the identifies of the signatories and the dates of the signatures on the Map.

[11]Exhibit C, Dacho Alexander Affidavit, appended to Defendants' Opposition to Plaintiffs' Motion to Remand, Docket No. 14.

accepted the Map for filing.[12]  Plaintiffs allege that at the time the Map of Boundaries was

submitted to the BLM, defendant Clarence Alexander was the Chairman of the Board of GZ

Corporation.[13]

Plaintiffs allege that Tract 19 consists of 5.77 acres  and that Tract 19A consists of

2.83 acres.[14]  Plaintiffs further allege that Tract 19A "has historically been a public easement

used by community members to turn around, park and stage vehicles for using the Yukon

River."[15]

Plaintiffs allege that "[i]n 2011, a surveyor was hired to conduct a precise survey of

the § 14(c)(1) Claims identified in the Fort Yukon Map Boundaries."[16]  Plaintiffs allege that

defendants "convinced the surveyor to include more acreage in their § 14(c)(1) Claim than

identified on the Fort Yukon Map of Boundaries."[17]  Plaintiffs allege that "[a]s a result, the

initial survey drawings incorrectly provided the Alexanders more acreage for what is now

---

[12]Exhibits C and D, Dacho Alexander Affidavit, appended to Defendants' Opposition to Plaintiffs' Motion to Remand, Docket No. 14.

[13]Complaint at 3, ¶ 11, Exhibit A, Notice of Removal of Civil Action, Docket No. 1.

[14]Id. at 4, ¶ 13.

[15]Id.

[16]Id. at 3, ¶ 12.

[17]Id. at 4, ¶ 12.

identified as Tract 19 than was originally allotted in the Fort Yukon Map of Boundaries[.]"[18]

Plaintiffs allege that the survey drawings were corrected in 2014.[19]

"In January 2016, Plaintiff GZ Corporation executed a quitclaim deed that recognized its transfer of any and all of its interest in Tract 19 to Defendant Clarence Alexander."[20] This transfer was based on a § 14(c)(1) claim Clarence Anderson had made in 1984.[21] Plaintiffs allege however that they "have not executed a deed or other conveyance document transferring ownership of Tract 19A to anyone."[22]

Plaintiffs allege that defendants have "moved their belongings not only onto Tract 19, but also Tract 19A."[23] Plaintiffs allege that "[o]n June 16, 2017, [they] wrote a letter to the Alexanders asking them to remove all personal equipment and debris from Tract 19A by June 30, 2017."[24] Plaintiffs allege that in response rather than removing their equipment and debris from Tract 19A, defendants "posted no trespassing signs on the property."[25] Plaintiffs

---

[18]Id.

[19]Id. at 4, ¶ 13.

[20]Id. at 4, ¶ 15; the quit claim deed is attached as Exhibit C to the complaint.

[21]Affidavit of Defendant Clarence L. Alexander at 2, ¶ 12, appended to Defendants' Opposition to Plaintiffs' Motion to Remand, Docket No. 14.

[22]Complaint at 4, ¶ 13, Exhibit A, Notice of Removal of Civil Action, Docket No. 1.

[23]Id. at 4, ¶ 16.

[24]Id.

[25]Id. at 4-5, ¶ 16.

allege that on September 28, 2017, they sent a letter to defendants demanding that they remove the signs and their other property and "exit the property by October 9, 2017."[26]

Defendants did not do so and on February 26, 2018, plaintiffs commenced this case in state court. In their complaint, plaintiffs assert an ejectment claim. In order to prove their ejectment claim, plaintiffs are "required to show that they ha[ve] a 'legal estate' in the property and 'a present right to possession of the property.'" Fink v. Municipality of Anchorage, 379 P.3d 183, 190 (Alaska 2016)

On April 17, 2018, defendants removed the case to this court on the basis of federal question jurisdiction.

Pursuant to 28 U.S.C. § 1447(c), plaintiffs now move to remand this case to state court.

Discussion

Section 1447(c) provides, in relevant part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "Under 28 U.S.C. § 1331, '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" Rainero v. Archon Corp., 844 F.3d 832, 836–37 (9th Cir. 2016) (quoting 28 U.S. § 1331)). "'The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question

---

[26]Id. at 5, ¶ 17.

is presented on the face of the plaintiff's properly pleaded complaint.'" Id. at 837 (quoting

Calif. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States, 215 F.3d 1005,

1014 (9th Cir. 2000)). "[T]he federal question on which jurisdiction is premised cannot be

supplied via a defense; rather, the federal question must 'be disclosed upon the face of the

complaint, unaided by the answer.'" Provincial Gov't of Marinduque v. Placer Dome, Inc.,

582 F.3d 1083, 1086 (9th Cir. 2009) (quoting Phillips Petroleum Co. v. Texaco, Inc., 415

U.S. 125, 127–28 (1974)). "For a case to 'arise under' federal law, a plaintiff's well-pleaded

complaint must establish either (1) that federal law creates the cause of action or (2) that the

plaintiff's asserted right to relief depends on the resolution of a substantial question of

federal law." Peabody Coal Co. v. Navajo Nation, 373 F.3d 945, 949 (9th Cir. 2004).

Defendants bear the burden of proving that removal was proper. Corral v. Select

Portfolio Servicing, Inc., 878 F.3d 770, 773 (9th Cir. 2017). The court "'strictly construe[s]

the removal statute,' and reject[s] federal jurisdiction 'if there is any doubt as to the right of

removal in the first instance.'" Grancare, LLC v. Thrower by and through Mills, 889 F.3d

543, 550 (9th Cir. 2018) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Defendants first argue that federal law creates plaintiffs' cause of action. However,

the sole claim in plaintiffs' complaint is a state-law claim created by state statute, not a cause

of action created by federal law. Plaintiffs' claim is brought pursuant to AS 09.45.630,

which provides that "[a] person who has a legal estate in real property and has a present right

to the possession of the property may bring an action to recover the possession of the

property with damages for withholding it[.]" Plaintiffs allege that they have title to Tract 19A and they are asking the court to order defendants to vacate the property.

To the extent that defendants are arguing that federal law creates plaintiffs' cause of action because plaintiffs make reference to two federal statutes, 43 U.S.C. § 1613(c) and 43 § 1632(b), in their complaint, that argument fails. "The mere fact that a federal statute is mentioned in a complaint does not mean that a plaintiff's cause of action 'arises under' federal law." In re Calif. Retail Natural Gas and Electricity Antitrust Litig., 170 F. Supp. 2d 1052, 1058 (D. Nev. 2001).

Defendants next argue that there is federal question jurisdiction here because plaintiffs' right to relief under state law requires resolution of a substantial question of federal law. "[F]ederal jurisdiction may . . . lie if 'it appears that some substantial, disputed question of federal law is a <u>necessary</u> element of one of the well-pleaded state claims [.]'" Rains v. Criterion Systems, Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for S. Calif., 463 U.S. 1, 13 (1983)). In order to prevail on their ejectment claim, plaintiffs must prove that GZ Corporation has legal title to Tract 19A, as they have alleged. Defendants argue that GZ Corporation's claim to legal title to Tract 19A involves such issues as whether plaintiffs provided adequate notice to Clarence Anderson, which is a question of federal law. See Ogle v. Salamatof Native Ass'n, Inc., 906 F. Supp. 1321, 1330 (D. Alaska 1995) (because Congress granted property rights to § 14(c)(1) claimants in ANCSA, village corporation "must make reasonable efforts

to alert the possessor of such rights to the risk of loss"). Defendants also contend that there is an issue of whether plaintiffs complied with the survey regulations that pertain to § 14(c)(1) claims, 43 C.F.R. § 2650.5-4, which is also a question of federal law.

Plaintiffs, however, argue that there is nothing about their right to relief under the state ejectment statute that requires resolution of federal law. While plaintiffs acknowledge that their claim "necessarily requires the [c]ourt to determine who has legal title to the property,"[27] they argue that this will not involve questions of federal law. Plaintiffs cite to Johnson v. Kikiktagruk Inupiat Corp., Case No. 3:05–cv–110 JWS, 2006 WL 2390481 (D. Alaska Aug. 18, 2006), in support.

There, the court considered whether it had federal question jurisdiction over the plaintiffs' claim for promissory estoppel. Id. at *1. The plaintiffs sought "to enforce a promise that defendant Kikiktagruk Inupiat Corporation ('KIC') allegedly made about the boundaries of land it had determined it was required to convey to plaintiff Mabel Johnson under 42 U.S.C. § 1613(c)(1)." Id. The court concluded that resolution of the promissory estoppel claim would not depend on resolution of a substantial question of federal law because there would be no need to apply or interpret ANCSA in order to resolve what was essentially a boundary dispute. Id.

Plaintiffs argue that the same is true here, that resolution of their ejectment claim will not require the court to apply or interpret ANCSA because this is basically a boundary

---

[27]Plaintiffs' Reply in Support of Motion to Remand at 5, Docket No. 20.

dispute. Plaintiffs argue that defendants' arguments about notice and compliance with 43 C.F.R. § 2650.5-4 (the village survey regulation) are defenses that defendants might raise and thus are irrelevant to the question of whether federal question jurisdiction existed on the face of plaintiffs' well-pleaded complaint. In other words, plaintiffs contend that once they establish that they have legal title to Tract 19A, then defendants can assert that the boundaries of Tract 19A are incorrect, that their due process rights were violated because they were not given sufficient notice that GZ Corporation was submitting the Fort Yukon Map of Boundaries, and the other defenses they mention in their opposition to the instant motion such as equitable tolling, estoppel, and waiver.

This case is distinguishable from <u>Johnson</u>, the case on which plaintiffs rely. There, the primary issue as to the promissory estoppel claim was whether a promise had been made about the boundaries of a § 14(c)(1) claim. Deciding whether a promise had in fact been made would not implicate ANCSA or any of its implementing regulations. But here, the primary issue is whether the boundaries of Tract 19A are correct. In their well-pleaded complaint, plaintiffs put the correctness of the boundaries of Tract 19A at issue,[28] and resolution of that issue will depend on plaintiffs' compliance with the requirements for § 14(c)(1) claims, which is a substantial question of federal law. Whether plaintiffs complied with the notice requirements associated with § 14(c)(1) claims or the survey regulations are

---

[28]Complaint at 3-4, ¶¶ 12-13, Exhibit A, Notice of Removal of Civil Action, Docket No. 1.

issues involved in the determination of the correct boundaries of Tract 19A.  These are not

defenses that defendants might raise. These are issues that plaintiffs will have to prove in

order to establish a necessary element of their ejectment claim.  Plaintiffs' case arises under

federal law because plaintiffs' well-pleaded complaint establishes that plaintiffs' right to

relief on their state-law ejectment claim depends on the resolution of substantial questions

of federal law.  Removal of plaintiffs' complaint to this court was thus proper.

<u>Conclusion</u>

Plaintiffs' motion to remand[29] is denied.   Defendants' motion for judicial notice[30] is

granted.

DATED at Anchorage, Alaska, this 3rd day of July, 2018.

<u>/s/ H. Russel Holland</u>
United States District Judge

---

[29]Docket No. 11.

[30]Docket No. 16.