IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GWITCHYAA ZHEE CORPORATION and )
GWICHYAA ZHEE GWICH'IN TRIBAL )
GOVERNMENT, )
)
                          Plaintiffs, )
)
  vs. )
)
CLARENCE ALEXANDER and DACHO )
ALEXANDER, )
                                   )   No. 4:18-cv-0016-HRH
                        Defendants. )
_____)

O R D E R

Defendants' Motion to Join City or Motion to Dismiss

Defendants move to either join the City of Fort Yukon as a party or to dismiss this action for failure to join a required party.[1]  This motion is opposed.[2]  Oral argument was not requested and is not deemed necessary.

Background

Plaintiffs are Gwitchyaa Zhee Corporation and Gwichyaa Zhee Gwich'in Tribal Government.  Defendants are Clarence Alexander and Dacho Alexander.

---

[1]Docket No. 27.

[2]Docket No. 37.

> Pursuant to § 14(c)(1) of the Alaska Native Claims Settlement Act ("ANCSA"), village corporations that received title to the surface estate of land formerly held by the federal government are required to convey title to property occupied by anyone that used the land as, among other things, a primary residence, a primary place of business, or a subsistence campsite ("§ 14(c)(1) Claim").[3]

Plaintiffs allege that in 2008, in order to comply with their obligations under § 14(c)(1) of ANCSA, they submitted a "Map of Boundaries" to the Bureau of Land Management (BLM) "that identified . . . 14(c)(1) Claims . . . encompassing Fort Yukon and its nearby surroundings. . . ."[4] Plaintiffs allege that the Fort Yukon Map of Boundaries created Tracts 19 and 19A.[5] Plaintiffs allege that Tract 19 and Tract 19A are adjacent and that "[h]istorically, Tract 19A has been used as a public easement for community members to park and turnaround vehicles accessing the Yukon River and as a place for the community to view the Yukon River."[6]

Plaintiffs allege that survey drawings were done after the Fort Yukon Map of Boundaries was submitted to BLM but that the drawings for Tracts 19 and 19A were originally incorrect because defendants "convinced the surveyor to include more acreage in their § 14(c)(1) Claim than identified on the Fort Yukon Map of Boundaries."[7] Plaintiffs allege that the survey drawings were

---

[3] Complaint at 2, ¶ 6, Exhibit A, Notice of Removal, Docket No. 1.

[4] Id. at 3, ¶ 9.

[5] Id. at 3, ¶ 10.

[6] Id. at 5, ¶ 19.

[7] Id. at 3-4, ¶ 12.

corrected in 2014 "to provide the appropriate boundary for Tracts 19 and 19A."[8] Plaintiffs allege that after they received the final survey drawings, "GZ Corporation began to execute deeds to provide formal documentation of the § 14(c)(1) Claims."[9] Plaintiffs allege that they quitclaimed Tract 19 to Clarence Alexander in 2016 but that they retain title to Tract 19A.[10]

Plaintiffs allege that defendants have "moved their belongings" onto Tract 19A and that although plaintiffs have asked them to remove all of their belongings from Tract 19A, defendants have instead posted no trespassing signs on the property and continue to occupy Tract 19A.[11] Plaintiffs commenced this action in order to eject defendants from Tract 19A.[12]

Defendants contend that the boundaries on the Fort Yukon Map of Boundaries are incorrect and that Clarence Alexander's § 14(c)(1) claim includes some or all of Tract 19A.[13] Defendants also contend that there are issues as to whether plaintiffs complied with the regulatory requirements for § 14(c)(1) claims. Defendants have asserted four counterclaims against plaintiffs. In their first counterclaim, defendants seek a declaration that GZ Corporation's § 14(c)(1) processes and procedures were unconstitutional. In their second counterclaim, defendants seek a declaration that the one-year ANCSA statute of limitations does not apply to their claims involving

---

[8]Id. at 4, ¶ 13.

[9]Id. at 4, ¶ 14.

[10]Id. at 4, ¶¶ 13, 15.

[11]Id. at 4-5, ¶¶ 16-17.

[12]Id. at 6, ¶ 24.

[13]Affidavit of Demetrie (Dacho) Alexander at 2, ¶¶ 8-12, appended to Defendants' Opposition to Plaintiffs' Motion to Remand, Docket No. 14.

Clarence Alexander's § 14(c)(1) claim. In their third counterclaim, defendants seek a declaration that Clarence Alexander is entitled to a de novo hearing on his § 14(c)(1) claim. In their fourth counterclaim, defendants assert a quiet title claim and request that "[f]ollowing a de novo hearing either before [p]laintiff GZ Corporation, or a de novo hearing before the [c]ourt," the court

> quiet title by ruling in favor of [d]efendant Clarence Alexander's § 14(c)(1) claim and against [p]laintiffs' claims, to disputed property forming part of [d]efendant Clarence Alexander's original 1984 written § 14(c)(1) claim, all of which claim [p]laintiff[s] approved in 1990, but portions of which [p]laintiff GZ Corporation later removed or altered, failing to deed Clarence Alexander's entire, original 1984 claim to him in 2016[.[14]]

Pursuant to Rule 19 and Rule 12(b)(7), Federal Rules of Civil Procedure, defendants now move to either join the City of Fort Yukon ("the City") as a required party or to dismiss this action for failure to join a required party.

Discussion

As the moving parties, defendants have "the burden of persuasion in arguing" that the City is a required party. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). The issue of whether the City is a required party is governed by Rule 19(a). Under Rule 19(a), the court first considers whether it "could award complete relief to the parties present without joining the non-party." Paiute-Shoshone Indians of Bishop Community of Bishop Colony, Cal. v. City of Los Angeles, 637 F.3d 993, 997 (9th Cir. 2011). "Alternatively," the court "ask[s] whether the non-party has a 'legally protected interest' in this action that would be 'impaired or impeded' by

---

[14]Defendants' Answer, Affirmative Defenses, and Counterclaims; and Third-Party Complaint at 28, ¶ 61, Docket No. 24.

adjudicating the case without it." Id. (quoting Yellowstone County v. Pease, 96 F.3d 1169, 1172-73 (9th Cir. 1996)). If the answer to either of these questions is yes, then the non-party "is a 'required party' under Rule 19(a)." Id.

Defendants do not argue that the court could not award complete relief without first joining the City. Rather, defendants argue that the City has a legally protected interest in this case that would be impaired or impeded if the case were to be adjudicated without the City. More specifically, defendants argue that the City has a legally protected interest in Tract 19.

In 1996, the City entered into an agreement with the GZ Corporation and the Native Village of Fort Yukon Tribal Government concerning the City's land selections pursuant to § 14(c)(3) of ANCSA.[15] "Section 14(c)(3) of ANCSA required village corporations . . . to convey some of the lands they received under the Act to municipal corporations, such as the City[.]" City of Saint Paul, Alaska v. Evans, 344 F.3d 1029, 1031–32 (9th Cir. 2003). The City selected 144.97 acres,[16] which GZ Corporation agreed to convey to the City in the 1996 agreement.

Defendants contend that some of the City's § 14(c)(3) selections encroach on Clarence Alexander's § 14(c)(1) claim and that the GZ Corporation never resolved this dispute prior to submitting the Fort Yukon Map of Boundaries. More specifically, Demetrie Alexander avers that he learned in 2017, "that part of [the] City of Fort Yukon's § 14(c)(3) surveyed [selections] intersect a structure located on my Father's Tract 19 on the south east corner of the Tract[.]"[17]

---

[15] 1996 Agreement, Omitted Exhibit [etc.], Docket No. 29.

[16] Resolution 96-09, Docket No. 29 at 14.

[17] Affidavit of Defendant Demetrie (Dacho) [Alexander] at 2, ¶ 5, Docket No. 28.

Demetrie Alexander further avers that no portion of Tract 19 has been conveyed to the City.[18] But because the City has an interest in Tract 19 and they have asserted a quiet title claim as to Tract 19, defendants argue that the City has a legally protected interest in this action that would be impaired if this case were adjudicated without it.

Defendants have not met their burden of persuasion as to whether the City has a legally protected interest in any of the property at issue in this case. Neither Demetrie Alexander's affidavit nor the 1996 agreement shows that the City has a legally protected interest in Tract 19, or Tract 19A for that matter. Demetrie Alexander's affidavit shows that he believes that the City's § 14(c)(3) selections encompass part of Tract 19. But, there is no evidence from the City which indicates that it is in fact claiming an interest in Tract 19. As for the 1996 agreement, defendants fail to identify the specific parcel of land that was selected by the City that includes a portion of Tract 19. The parcels of land that the City selected are set out in Appendix A to the 1996 Agreement.[19] Nowhere in his affidavit does Demetrie Alexander identify which parcel in Appendix A includes a portion of Tract 19. Moreover, the 1996 agreement indicates that any claim the City might have had to some portion of Tract 19 was extinguished by the 2016 conveyance of that tract to Clarence Alexander.

The 1996 agreement recognized GZ Corporation's obligation to convey lands to third parties pursuant to § 14(c)(1) and 2 of ANCSA.[20] The 1996 agreement provided that GZ

---

[18] Id. at 2, ¶ 10.

[19] Appendix A to 1996 Agreement, Omitted Exhibit [etc.], Docket No. 29 at 17-21.

[20] 1996 Agreement, Omitted Exhibit [etc.], Docket No. 29 at 4.

-6-

Corporation could delay conveying any of the lands selected by the City, if there were any potentially adverse claims of title under § 14(c)(1) or (2), until a final determination of any adverse claim had been made.[21] The 1996 agreement further provided that if any lands had been conveyed to the City and it was later determined that the land was subject to a valid § 14(c)(1) or (2) claim, the City had to convey either that land or a mutually agreed upon substitute to the claimant.[22] Here, there is no dispute that the GZ Corporation quitclaimed Tract 19 to Clarence Alexander in 2016, which means he had a valid § 14(c)(1) claim to Tract 19. Thus, any dispute that there might have been between the City and Clarence Alexander as to any portion of Tract 19 appears to have already been decided in his favor.

## Conclusion

Based on the foregoing, defendants' motion to join the City or to dismiss this action[23] is denied.

DATED at Anchorage, Alaska, this 30th day of August, 2018.

/s/ H. Russel Holland
United States District Judge

---

[21] 1996 Agreement at ¶ 3, Omitted Exhibit [etc.], Docket No. 29 at 5.

[22] Id.

[23] Docket No. 27.