WO     IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GWITCHYAA ZHEE CORPORATION and )
GWICHYAA ZHEE GWICH'IN TRIBAL )
GOVERNMENT, )
)
                         Plaintiffs, )
)
  vs. )
)
CLARENCE ALEXANDER and DACHO )
ALEXANDER, )
)   No. 4:18-cv-0016-HRH
      Defendants/Third-Party Plaintiffs, )
)
  vs. )
)
DAVID BERNHARDT, Acting )
Secretary of Interior, in his official capacity, )
)
               Third-Party Defendant. )
_____)

O R D E R

Plaintiffs' Motion for Leave to Amend Complaint

Plaintiffs Gwitchyaa Zhee Corporation and the Gwichyaa Zhee Gwich'in Tribal Government move for leave to amend their complaint.[1] This motion is opposed by defendants Clarence Alexander and Dacho Alexander.[2] Oral argument was not requested and is not deemed necessary.

---

[1]Docket No. 81.

[2]Docket No. 84.

-1-

Background

In their original complaint, plaintiffs sought to eject defendants from a parcel of land known as Tract 19A. Plaintiffs contend that Tract 19A was not part of Clarence Alexander's § 14(c)(1) claim. The Alexanders contend otherwise. Plaintiffs now seek to amend their ejectment claim against the Alexanders to include lands other than Tract 19A. Plaintiffs contend that they have learned that the Alexanders have also moved their belongings onto Tract 9 and a triangle-shaped parcel of land at the end of the Barge Landing Road. Thus, in their proposed amended complaint, plaintiffs seek to have the Alexanders "ejected from Tract 9, Tract 19A, and the triangle-shaped parcel of land at the end of the Barge Landing Road where it meets the Yukon River . . . so that [p]laintiffs may retake possession of these lands."[3]

Discussion

"Leave to amend a party's pleading pursuant to Rule 15(a) of the Federal Rules of Civil Procedure 'should [be] freely give[n] . . . when justice so requires,' and generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party[.]" Chudacoff v. Univ. Medical Ctr. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)). "Not all of the factors merit equal weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). In the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight." Id. However, "[f]utility of amendment can,

---

[3]Proposed First Amended Complaint at 12, ¶ 33, attached to Plaintiffs' Motion for Leave to Amend Complaint, Docket No. 81.

by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

bad faith. "Bad faith exists where, inter alia, the proposed amendment 'will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories.'" Naranjo v. Bank of Amer. Nat'l Assoc., Case No. 14–CV–02748–LHK, 2015 WL 913031, at *5 (N.D. Cal. Feb. 27, 2015) (quoting Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 881 (9th Cir. 1999)). "A court may also find bad faith when the moving party has a 'history of dilatory tactics.'" Id. (quoting Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001)).

Plaintiffs argue that there is no evidence that they are acting in bad faith, in particular because their proposed amendment is their first request to amend. The Alexanders disagree and argue that plaintiffs' motion to amend shows bad faith in five ways. As explained below, none of the Alexanders' arguments have any merit. Indeed, their arguments are frivolous.

First, the Alexanders argue that plaintiffs have acted in bad faith because plaintiffs contend that no additional parties would need to be joined if their motion to amend were granted and they relied on a Pennsylvania case in support of this contention. The Alexanders argue that Alaskan law will govern any ejectment claim in this case, which is correct. But, plaintiffs' citation to a Pennsylvania case for the proposition that "the only necessary party to an ejectment action is the person in actual possession of the land[,]" Bannard v. New York State Natural Gas Corp., 172 A.2d 306, 310 (Pa. 1961), is not evidence of bad faith. Plaintiffs' contention that no additional parties

would have to be joined if they were allowed to amend is also not evidence of bad faith on plaintiffs' part.

Second, the Alexanders argue that plaintiffs have acted in bad faith because they continue to allege that GZ Corporation had resolved all conflicts as to any 14(c)(1) claims prior to submitting the Map of Boundaries to the BLM in 2008. The Alexanders dispute that all conflicts had been resolved. But, whether GZ Corporation's certification that "all conflicts concerning property lines" on the Map of Boundaries had been resolved was true or false is a factual dispute that will need to be resolved as this case proceeds. It is not evidence that plaintiffs are acting in bad faith in seeking leave to amend.

Third, the Alexanders argue that plaintiffs have acted in bad faith because they continue to assert that the 2008 Map of Boundaries created Tract 19 and Tract 19A, which the Alexanders contend is not true. Demetrie Alexander avers that the Alexanders have discovered that Tract 19A was not created until sometime between 2011 and 2014.[4] But, again, this is a factual dispute that will need to be resolved during the course of this litigation. It is not evidence of bad faith on the part of plaintiffs in seeking leave to amend.

Fourth, the Alexanders argue that plaintiffs have acted in bad faith because they continue to suggest that the City of Fort Yukon is not a necessary party to this case. The Alexanders contend that plaintiffs are taking inconsistent positions as a result because plaintiffs previously asserted that only Tract 19A was involved in their ejectment claim and now they are asserting that Tracts 19,

---

[4]Affidavit of Defendant Demetrie (Dacho) in Support of Defendants' Opposition [etc.] at 15, ¶ 76, Docket No. 86-1.

19A, and 9 are all involved, which somehow to the Alexanders means that the City should be a party to this case. The Alexanders argue that plaintiffs should be judicially estopped from asserting this inconsistent position.

The Alexanders are correct that plaintiffs originally only asserted that this case involved Tract 19A. But, plaintiffs have now discovered that the Alexanders may be trespassing on other parcels of land besides Tract 19A and they seek to amend their complaint to add these other parcels to their ejectment claim. This is not evidence of bad faith. To the extent that the Alexanders are suggesting that plaintiffs have taken inconsistent positions as to whether the City is a necessary party, they are incorrect. Plaintiffs have always contended that the City is not a necessary party.

Fifth, the Alexanders argue that plaintiffs have acted in bad faith because they have alleged that the Alexanders have moved their possessions onto the three disputed areas when plaintiffs know that those areas were improperly created by GZ Corporation. This too is a factual issue that will have to be resolved as this case proceeds; it is not evidence of bad faith on the part of plaintiffs in seeking leave to amend.

<u>undue delay</u>. Plaintiffs argue that there has been no undue delay here, and they point out that the deadline for motions to amend is not until February 22, 2019.[5] The Alexanders suggest that plaintiffs have known since 2014 that Tract 9 encroaches on Tract 19, but that is not the same thing as knowing that the Alexanders had moved their possessions onto Tract 9. Plaintiffs' counsel avers that it was only after a trip to Fort Yukon in late August 2018 and review of BLM records in November 2018 that plaintiffs were able to ascertain that the Alexanders were encroaching on land

---

[5]Scheduling and Planning Order at 6, Docket No. 59.

other than Tract 19A.[6] The instant motion was filed on November 21, 2018. There has been no undue delay here.

<u>undue prejudice</u>. Plaintiffs argue that defendants will suffer no prejudice if they are allowed to amend their complaint because amendment will not affect any pretrial deadlines and because this case is in the early stages of development. Plaintiffs also argue that there will be no prejudice to defendants because the proposed amended complaint will not require the joinder of any other parties, and in particular will not require the joinder of the City of Fort Yukon. Although in the proposed amended complaint, plaintiffs allege that they "intend to execute a deed transferring Tract 9 to the City of Fort Yukon in the future[,]" plaintiffs allege that they are the current owners of Tract 9.[7]

The Alexanders argue that they will be unduly prejudiced if plaintiffs are allowed to amend their complaint because Clarence Alexander was told in 1990 that GZ Corporation had approved his 14(c)(1) claim and since then they have made improvements to all the land they believed was part of Clarence Alexander's claim, improvements which they would lose if they are ejected from any of the land in dispute.

The issue here is not whether the Alexanders might suffer some loss if plaintiffs prevail on their proposed ejectment claim. "'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required

---

[6]Affidavit of Counsel at 2, ¶¶ 2-5, Docket No. 91.

[7]Proposed First Amended Complaint at 10, ¶ 25, attached to Plaintiffs' Motion for Leave to Amend Complaint, Docket No. 81.

defendants to have undertaken, at a late hour, an entirely new course of defense.'" SAES Getters S.p.A. v. Aeronex, Inc., 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). There will be no such prejudice to the Alexanders as this case is in the early stages of development.

<u>futility</u>. "The test for futility 'is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" Fresno Unified School Dist. v. K.U. ex rel. A.D.U., 980 F. Supp. 2d 1160, 1179 (E.D. Cal. 2013) (quoting Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)). "'[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief.'" Id. (quoting Shroyer v. New Cingular Wireless Serv., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010)). Futility may also "include[] the inevitability of a claim's defeat on summary judgment.'" Calif. ex rel. Calif. Dep't of Toxic Substances Control v. Neville Chemical Co., 358 F.3d 661, 673–74 (9th Cir. 2004) (quoting Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987)).

Plaintiffs argue that amendment would not be futile but rather will ensure that defendants do not retain possession of lands which were not part of Clarence Alexander's 14(c)(1) claim.

The Alexanders first argue that amendment of plaintiffs' ejectment claim would be futile because plaintiffs cannot show that GZ Corporation has unqualified fee simple title to the land at issue in this lawsuit. The Alexanders contend that conveyance of ANCSA parcels to GZ Corporation are subject to compliance with § 14(c) requirements and that the Department of Interior's conveyance documents create a qualified or defeasible fee simple estate in ANCSA lands conveyed to GZ Corporation.

This is a factual issue, which is not appropriate for resolution on a motion to amend. Factual disputes do not render amendment futile. See, e.g., Miller, 845 F.2d at 214 ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").

The Alexanders next argue that plaintiffs' ejectment claim would be futile because plaintiffs have not alleged, and cannot prove, that they complied with 43 C.F.R. § 2560.5-4(c)(1), which provides that "[t]he boundaries of the tracts" "required by law to be conveyed by the village corporations pursuant to section 14(c) of" ANCSA

> shall be posted on the ground and shown on a map which has been approved in writing by the affected village corporation and submitted to the Bureau of Land Management. Conflicts arising among potential transferees identified in section 14(c) of the Act, or between the village corporation and such transferees, will be resolved prior to submission of the map.

The Alexanders argue that plaintiffs have failed to allege, and that they cannot prove, that they complied with either the requirement to post the boundaries of 14(c) tracts "on the ground" or that they resolved all conflicts regarding 14(c)(1) claims prior to submitting the Map of Boundaries in 2008. The Alexanders argue that plaintiffs were required to allege that they had complied with the requirements of Section 2650.5-4(c)(1) because these are conditions precedent. Because plaintiffs have not met the pleading requirements of Rule 9(c) as to conditions precedent, the Alexanders argue that plaintiffs' proposed amendment would be futile.

Rule 9(c), Federal Rules of Civil Procedure, provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." "But Rule 9(c) does not expressly require that performance of conditions be pled,"

which is what the Alexanders are arguing here. Kiernan v. Zurich Companies, 150 F.3d 1120, 1124 (9th Cir. 1998). Rather, Rule 9(c) "merely sets forth the manner in which such pleadings should be made." Id. The Alexanders are raising factual issues as to whether plaintiffs complied with Section 2650.5-4(c)(1). As explained above, resolution of factual issues is not appropriate on a motion to amend, and factual disputes do not render an amendment futile.

The Alexanders next argue that plaintiffs' proposed ejectment claim would be futile because plaintiffs have not alleged, and cannot prove, that GZ Corporation provided actual notice to Clarence Alexander of the boundaries of the tracts in question. In their proposed amended complaint, plaintiffs allege that "[i]n May 2008, the BLM published notices in the Anchorage Daily News and the Fairbanks Daily News-Miner that GZ Corporation had filed with the BLM the final 14(c) Map of Boundaries."[8] Plaintiffs further allege that "[t]he BLM also sent a notice to be posted on the bulletin board of Fort Yukon's U.S. Post Office."[9] The Alexanders argue that such notice is not sufficient to comply with the due process requirements of the Fifth Amendment. "[T[here are two points at which notice is required to comport with due process: (1) at the time the village is finalizing its land selections and preparing its map, so that claims may be made and if possible informally resolved; and (2) after filing its map in order to trigger the statute of limitations." Ogle v. Salamatof Native Ass'n, Inc., 906 F. Supp. 1321, 1332 (D. Alaska 1995). The Alexanders argue that publishing notice in the newspaper and posting it at the post office are not methods of providing notice that would be "<u>reasonably certain</u> to inform those affected" of the boundaries that

---

[8]Proposed First Amended Complaint at 6, ¶ 17, attached to Plaintiffs' Motion for Leave to Amend Complaint, Docket No. 81.

[9]Id. at 7, ¶ 18.

GZ Corporation was asking to have the BLM approve. Nozzi v. Housing Authority of City of Los Angeles, 806 F.3d 1178, 1196 (9th Cir. 2015) (citation omitted). The Alexanders contend that actual notice of the proposed boundaries was required and that plaintiffs have not alleged, nor can they prove, that actual notice was ever given. The Alexanders also suggest that Clarence Alexander should have been given a predeprivation hearing and argue that plaintiffs have not alleged, nor can they prove, that he was given such a hearing before GZ Corporation decided to reduce the size of Tract 19.

What type of notice was required, whether the notice that was given was sufficient, and what Clarence Alexander knew when are issues that will need to be resolved as this case proceeds, but they are not issues that the court can resolve with what is currently before it. That the Alexanders may have a viable due process defense does not render amendment futile.

The Alexanders also argue that plaintiffs' proposed ejectment claim would be futile because plaintiffs have not alleged, and cannot prove, that GZ Corporation afforded Clarence Alexander "maximum participation . . . in decisions affecting [his] rights and property," as required by 43 U.S.C. 1601(b) and 43 C.F.R. § 2650.0-2. The Alexanders argue that Clarence Alexander was not afforded maximum participation in four decisions by GZ Corporation which affected his rights and property: 1) the 1990 approval of his 14(c)(1) application, 2) the 2008 submission to the BLM of the Map of Boundaries, 3) the 2014 correction of the survey drawings, and 4) the 2016 execution of a quitclaim deed to Clarence Alexander. The Alexanders complain that in the proposed amended complaint, plaintiffs never allege that Clarence Alexander participated in any of these

decisions and as evidenced by his December 5, 2018 affidavit, he was not allowed to participate.[10] The Alexanders contend that much of plaintiffs' proposed amended complaint relies on a map that they contend that Clarence Alexander submitted with his 14(c)(1) application and which shows that he was only claiming 5.9 acres and was not claiming any portion of Tract 19A, Tract 9, or the triangle-shaped piece of land at issue.[11] Clarence Alexander, however, avers that

> I do not think this drawing or hand-drawn sketch is the sketch I included with my 1984 [14(c)(1)] application; because this sketch shows two fish caches, and I remember the fish cache, shown on the sketch located closest to the house, was built by Pat Stanley sometime around 1987, some years after I submitted my original 1984 § 14(c)(1) application; Pat Stanley was then renting the house in which my family and I had previously resided[.][12]

What level of participation was required to be provided to 14(c)(1) applicants and whether Clarence Alexander was allowed to participate at the required level are not issues that the court can decide with what is currently before it. For one thing, at this point, there are factual disputes as to how Clarence Alexander participated in the events in question.

The Alexanders next argue that plaintiffs' proposed ejectment claim would be futile because plaintiffs have not alleged, and cannot prove, that GZ Corporation complied with the requirements of 43 C.F.R. § 2650.5-4(c)(2). Section 2650.5-4(c)(2) provides that once surveys of a Map of Boundaries are completed, "no additional survey work desired by the village corporation or

---

[10]Affidavit of Defendant Clarence L. Alexander [etc.] at 2, ¶ 10; 3, ¶ 16; 8, ¶ 56; Docket No. 87.

[11]Exhibit A at 12, Proposed First Amended Complaint, attached to Plaintiffs' Motion for Leave to Amend Complaint, Docket No. 81.

[12]Clarence Alexander Affidavit at 10-11, ¶ 73, Docket No. 87.

municipality within the area covered by the plan of survey or immediately adjacent thereto will be performed by the Secretary." The Alexanders contend that in 2013-2014 GZ Corporation unlawfully got the BLM to replat Tract 19 so that it was only 5.77 acres, rather than the 8.79 acres that Clarence Alexander had claimed in his 14(c)(1) application. The Alexanders contend that through this 2013-2014 conduct, GZ Corporation enlarged Tract 9 and reduced Tract 19 and created, for the first time, Tract 19A. The Alexanders contend that this conduct violated 43 C.F.R. § 2650-5.4(c)(2) because it was unauthorized "additional survey work."

What exactly happened in 2013-2014 as regards the land in question involves factual issues that are not appropriately resolved on a motion to amend. As explained above, factual disputes do not render an amendment futile.

The Alexanders next argue that plaintiffs' proposed ejectment claim would be futile because plaintiffs have not alleged, and cannot prove, that GZ Corporation's 2016 deed conveying Tract 19 to Clarence Alexander complied with the requirements of 43 C.F.R. § 2653.8-1, which provides in relative part that a 14(c)(1) claim "shall be limited to the acreage actually occupied and used." The Alexanders argue that plaintiffs have not alleged, nor can they prove, that the 2016 quitclaim deed that was given to Clarence Alexander included all the acreage that he actually occupied and used. Rather, the Alexanders argue that Clarence Alexander was deeded less land than what he actually occupied and used.

This is yet another factual issue that cannot be resolved on a motion to amend and that does not render amendment futile.

The Alexanders next argue that plaintiffs' proposed ejectment claim would be futile because plaintiffs have not alleged, and cannot prove, that Clarence Alexander consented to GZ Corporation's conduct in 2013-2014 that resulted in the reduction of acreage of Clarence Alexander's 14(c)(1) claim. Again, this is a factual issue that cannot be resolved on a motion to amend and that does not render amendment futile.

Finally, the Alexanders argue that to the extent plaintiffs are alleging in their proposed amended complaint that any challenges to the accuracy of the Map of Boundaries are barred by a one-year statute of limitations, the statute of limitations has been tolled. But, whether the statute of limitations has been tolled has nothing to do with whether it would be futile to allow plaintiffs to amend their complaint.

## Conclusion

In sum, there is no evidence that plaintiffs are acting in bad faith in seeking leave to amend. Plaintiffs have not delayed in bringing the instant motion. The Alexanders would not be prejudiced by the amendment, and amendment of plaintiffs' ejectment claim would not be futile. Thus, plaintiffs' motion to amend is granted. Plaintiffs may serve and file their proposed amended complaint on or before on January 14, 2019.

DATED at Anchorage, Alaska, this 3rd day of January, 2019.

/s/ H. Russel Holland
United States District Judge