IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWITCHYAA ZHEE CORPORATION and GWICHYAA ZHEE GWICH'IN TRIBAL GOVERNMENT,<br><br>                Plaintiffs,<br><br>  vs.<br><br>CLARENCE ALEXANDER and DACHO ALEXANDER,<br><br>      Defendants/Third-Party Plaintiffs,<br><br>  vs.<br><br>DAVID BERNHARDT, Acting Secretary of Interior, in his official capacity,<br><br>            Third-Party Defendant. | No. 4:18-cv-0016-HRH |

O R D E R

Third-Party Plaintiffs' Second Motion for Leave
to File Amended Third-Party Complaint

Defendants/third-party plaintiffs Clarence and Demetrie (Dacho) Alexander renew their motion for leave to file an amended third-party complaint.[1] This motion is opposed by third-party defendant David Bernhardt, Acting Secretary of the Interior.[2] Oral argument was not requested and is not deemed necessary.

---

[1] Docket No. 102.

[2] Docket No. 108.

Background

This case involves a dispute over the boundaries of Clarence Alexander's § 14(c)(1) claim. Plaintiffs Gwitchyaa Zhee Corporation and Gwichyaa Zhee Gwich'in Tribal Government allege that in 1984 Clarence Alexander submitted a § 14(c)(1) claim for a parcel that was approximately 5.9 acres.[3] Plaintiffs allege that in 2008, in order to comply with their obligations under § 14(c)(1) of the Alaska Native Claims Settlement Act, they submitted a "Map of Boundaries" to the Bureau of Land Management (BLM) "that identified . . . 14(c)(1) claims . . . encompassing Fort Yukon and its nearby surroundings. . . ."[4] Plaintiffs allege that "[i]n April 2008, the BLM accepted GZ Corporation's Map of Boundaries."[5] Plaintiffs further allege that the BLM published notices in the Anchorage and Fairbank papers that explained that GZ Corporation had filed the Map of Boundaries and advised that "if a reader disagreed with the property boundaries on the map of boundaries he had one year from April 11, 2008, to challenge the boundaries in court."[6] Plaintiffs also allege that "[t]he BLM . . . sent a notice to be posted on the bulletin board of Fort Yukon's U.S. Post Office."[7]

Plaintiffs allege that "[d]uring the summers of 2009-2011, a surveyor was hired to conduct a precise survey of the § 14(c)(1) claims identified in the Fort Yukon Map of

---

[3] First Amended Complaint at 3, ¶¶ 8, 10, Docket No. 95.

[4] Id. at 5, ¶ 13.

[5] Id. at 6, ¶ 16.

[6] Id. at 6-7, ¶ 17.

[7] Id. at 7, ¶ 18.

Boundaries."[8] Plaintiffs allege that the Alexanders convinced the surveyor to include more acreage for Clarence Alexander's § 14(c) claim than he had claimed in his 1984 application.[9] Plaintiffs allege that the boundaries of Clarence Alexander's § 14(c) claim were corrected in 2014[10] and that in 2016, GZ Corporation executed a quitclaim deed to Clarence Alexander for Tract 19, which is a 5.77 acre parcel.[11]

Plaintiffs allege that the Alexanders "have moved their belongings not only onto Tract 19, but also Tracts 9, 19A, and the triangle-shaped parcel of land at the end of Barge Landing Road."[12] Plaintiffs seek to eject the Alexanders "from Tract 9, Tract 19A, and the triangle-shaped parcel of land at the end of the Barge Landing Road where it meets the Yukon River. . . ."[13]

The Alexanders, however, contend that the boundaries on the Fort Yukon Map of Boundaries are incorrect and that Clarence Alexander's § 14(c)(1) claim includes "the Joe Ward Barge Landing area[.]"[14] The Alexanders also contend that there are issues as to

---

[8]Id. at 8, ¶ 22.

[9]Id.

[10]Id. at 8, ¶ 23.

[11]Id. at 10-11, ¶¶ 27-28.

[12]Id. at 10, ¶ 28.

[13]Id. at 12, ¶ 33.

[14]Affidavit of Defendant Demetrie (Dacho) Alexander at 2, ¶¶ 10-11, appended to Defendants' Opposition to Plaintiffs' Motion to Remand, Docket No. 14.

whether plaintiffs complied with the regulatory requirements for § 14(c)(1) claims. In addition, the Alexanders contend that they have obtained documents via FOIA requests that show that the acreage of Tract 19 was reduced sometime between 2011 and 2014, that the BLM permitted GZ Corporation to "replat" Tract 19 in 2013-2014, and that this replatting resulted in the reduction of Tract 19, the relocation of Tract 9, and the creation of Tract 19A.

On July 13, 2018, the Alexanders filed a third-party complaint against the Secretary of the Interior. The third-party complaint asserts an APA claim against the Secretary seeking review of the 2008 decision by the BLM to accept GZ Corporation's Fort Yukon Map of Boundaries.[15] The Alexanders also may be attempting to assert a separate due process claim against the Secretary based on allegations that the notice that the BLM gave in 2008 was insufficient.[16]

On October 12, 2018, the Alexanders moved to amend their third-party complaint. The Alexanders sought to add third-party defendants, add claims, and amend their existing claims. Specifically, the Alexanders sought to add as defendants the Department of Interior, the BLM, and the BLM's Chief Cadastral Surveyor for Alaska. The proposed amended third-party complaint, while far from a model of clarity, appeared to assert four separate causes of action. First, the Alexanders proposed to assert an APA claim seeking review of the 2008 acceptance of GZ Corporation's Fort Yukon Map of Boundaries and the 2014

---

[15]Defendants' . . . Third-Party Complaint at 29-31, ¶¶ 5-15, Docket No. 24.

[16]Id. at 31-32 ¶¶ 16-18.

approval of the plan of survey.[17]  Second, the Alexanders proposed to assert an APA claim based on allegations that the third-party defendants failed to give the Alexanders adequate notice before accepting the Map of Boundaries in 2008 and approving the plan of survey in 2014.[18]  Third, the Alexanders proposed to assert claims that 43 U.S.C. § 1624 and 43 U.S.C. § 1632(b) were unconstitutional as applied to them.[19]  Fourth, the Alexanders proposed to assert an APA claim based on allegations that the third-party defendants had failed to act on a request for relief that the Alexanders submitted on August 23, 2018.[20]

On January 3, 2019, the court denied the Alexanders' motion to amend with leave to renew after plaintiffs filed their amended complaint.  In denying the Alexanders' motion to amend, the court found that the "Alexanders may have a plausible APA claim based on allegations that the BLM's acceptance of the 2008 Map of Boundaries and approval of the 2014 plan of survey were arbitrary and capricious."[21]  The court found, however, that the Alexanders did not have a plausible APA claim "based on allegations that third-party

---

[17]Proposed . . . First Amended Third-Party Complaint at 42-43, ¶¶ 58-60, attached to Defendants/Third-Party Plaintiffs' Motion to File First Amended . . . Third-Party Complaint, Docket No. 61.

[18]Id. at 45-46, ¶ 70.

[19]Id. at 53-54, ¶ 103.

[20]Id. at 57-58, ¶¶ 117-127.

[21]Order re Defendants/Third-Party Plaintiffs' Motion to Amend at 9, Docket No. 93.

defendants failed to provide notice or provided insufficient notice. . . ."²² The court found that the Alexanders' proposed constitutional claims were facial challenges, not as applied challenges, and thus would be barred by the statute of limitations.²³ And, the court found that it would be futile for the Alexanders to amend to add a claim under 5 U.S.C. § 706(1).²⁴

The Alexanders have now filed their renewed motion to amend their third-party complaint. In their proposed amended third-party complaint, the Alexanders assert four counts. Count I is a procedural due process claim based on allegations that the BLM violated the Alexanders' due process rights in 2008 and 2013-2014. Count II is an APA claim seeking review of the BLM's 2008 acceptance of the Fort Yukon Map of Boundaries. Count III is an equitable estoppel claim, in which the Alexanders allege that the Secretary is equitably estopped from claiming that the statute of limitations bars any challenges to actions the BLM took in 2008 and 2011. Count IV contains an APA claim seeking review of the BLM's approval of the plan of survey in 2014 and a procedural due process claim under the Fifth Amendment based on allegations that the BLM violated the Alexanders' due process rights in 2013-2014.

Discussion

Federal Rule of Civil Procedure 15(a) governs the instant motion. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"

---

²²Id. at 12.

²³Id. at 14.

²⁴Id.

AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999)). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. The Secretary only argues that amendment would be futile. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "The test for futility 'is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" Fresno Unified School Dist. v. K.U. ex rel. A.D.U., 980 F. Supp. 2d 1160, 1179 (E.D. Cal. 2013) (quoting Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988)). "'[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief.'" Id. (quoting Shroyer v. New Cingular Wireless Serv., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010)). Futility may also "include[] the inevitability of a claim's defeat on summary judgment.'" Calif. ex rel. Calif. Dep't of Toxic Substances Control v. Neville Chemical Co., 358 F.3d 661, 673–74 (9th Cir. 2004) (quoting Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987)).

In their proposed Count I, the Alexanders assert a procedural due process claim based on allegations that the BLM failed to provide sufficient notice in 2008 and in 2013-2014. The Alexanders appear to be asserting a non-APA due process claim and may be attempting to assert a Bivens due process claim.[25] However, "Bivens suits are individual capacity

---

[25]In its order on the Alexanders' earlier motion to amend, the court suggested that "it
(continued...)

suits. . . ." Solida v. McKelvey, 820 F.3d 1090, 1094 (9th Cir. 2016). In their proposed third-party amended complaint, the Alexanders only name the Secretary as a defendant and he is "named in his official capacity[.]"[26] Thus, amending to add the proposed due process claim in Count I would be futile.

Although the Secretary argues that the Alexanders' proposed APA claim in Count II could not withstand a motion to dismiss, the court has already determined that the Alexanders "may have a plausible APA claim based on allegations that the BLM's acceptance of the 2008 Map of Boundaries [was] arbitrary and capricious."[27] Although this claim does not appear to be substantially different from the APA claim that the Alexanders have asserted in the extant third-party complaint, the court cannot say that it would necessarily be futile to allow the Alexanders to amend this claim.

In their proposed Count III, the Alexanders assert an equitable estoppel cause of action. However, "equitable estoppel does not constitute an independent cause of action." DeSoto v. Yellow Freight Systems, Inc., 957 F.2d 655, 659 (9th Cir. 1992); see also, J.C. v. Society of Jesus, 457 F. Supp. 2d 1201, 1203 (W.D. Wash. 2006) (noting "that there is no basis for asserting equitable estoppel as an independent cause of action"). The Alexanders

---

[25](...continued)
is possible that the Alexanders might have a plausible Bivens due process claim[.]" Order re Defendants/Third-Party Plaintiffs' Motion to Amend at 12, Docket No. 93.

[26]Proposed Third-Party Plaintiffs' Second Amended Third-Party Complaint at 2, ¶ 3, attached to Third-Party Plaintiffs' Motion for Leave to File a Second Amended Third-Party Complaint, Docket No. 102.

[27]Order re Defendants/Third-Party Plaintiffs' Motion to Amend at 9, Docket No. 93.

may be able to argue that equitable estoppel applies in this case, but it cannot be an independent cause of action in their third-party complaint.

Finally, in their proposed Count IV, the Alexanders assert an APA claim seeking review of the BLM's approval of the plan of survey and a procedural due process claim under the Fifth Amendment based on the BLM's actions in 2013-2014. The court has already determined that the "Alexanders may have a plausible APA claim based on allegations that the BLM's . . . approval of the 2014 plan of survey w[as] arbitrary and capricious."[28] Thus, amending their third-party complaint to add this APA claim would not be futile. As to the due process claim the Alexanders propose to assert in Count IV, they allege that the BLM should have provided them notice that it was going to approve the plan of survey. To the extent that the Alexanders are attempting to assert an APA-due process claim, the court has already determined that such an amendment would be futile.[29] To the extent that the Alexanders are asserting a non-APA due process claim, such a claim would suffer from the same problem as the Alexanders' proposed due process claim in Count I. Amending the third-party complaint to add the proposed due process claim that is contained in Count IV would be futile.

## Conclusion

Based on the foregoing, the Alexanders' motion to amend is granted in part and

---

[28]Id.

[29]Id. at 12.

denied. The motion is granted as to the proposed APA claims based on the BLM's acceptance of the 2008 Map of Boundaries and approval of the 2014 plan of survey. The motion is denied as to the proposed due process claims in Counts I and IV and the equitable estoppel claim in Count III.

Because the Alexanders' motion to amend is being granted in part and denied in part, the Alexanders may not file the proposed amended third-party complaint that is attached to the instant motion. The Alexanders may file an amended third-party complaint that asserts APA claims based on the BLM's acceptance of the 2008 Map of Boundaries and approval of the 2014 plan of survey. The Alexanders' amended third-party complaint must be limited to these two claims. Leave to amend as to any other claims, including any due process claims, is denied. The Alexanders have already had two opportunities to plead plausible due process claims. They will not be given a third. See Gonzalez v. Planned Parenthood of Los Angeles, 759 F.3d 1112, 1116 (9th Cir. 2014) (quoting Miller v. Yokohama Tire Corp., 358 F.3d 616, 622 (9th Cir. 2004)) ("the district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend").

The Alexanders' amended third-party complaint shall be filed on or before April 11, 2019.

DATED at Anchorage, Alaska, this 27th day of March, 2019.

/s/ H. Russel Holland
United States District Judge