IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

GWITCHYAA ZHEE CORPORATION and     )
GWICHYAA ZHEE GWICH'IN TRIBAL      )
GOVERNMENT,                        )
                                   )
                    Plaintiffs,    )
                                   )
        vs.                        )
                                   )
CLARENCE ALEXANDER and DACHO       )
ALEXANDER,                         )
                                   )     No. 4:18-cv-0016-HRH
        Defendants/Third-Party Plaintiffs, )
                                   )
        vs.                        )
                                   )
DAVID BERNHARDT, Secretary of Interior, )
in his official capacity,          )
                                   )
                Third-Party Defendant. )
_____)

O R D E R

Third-Party Plaintiffs' Motion for Reconsideration

Third-party plaintiffs Clarence and Demetrie (Dacho) Alexander move for partial

reconsideration[1] of the court's order[2] granting in part and denying in part the Alexanders'

motion for leave to file an amended third-party complaint. The court called upon the third-

---

[1]Docket No. 111.

[2]Docket No. 110.

party defendant, the Secretary of Interior, to file a response,[3] which the Secretary has timely

filed.[4] Oral argument on the motion for reconsideration was not requested and is not deemed

necessary.

Discussion

"Reconsideration is appropriate if the district court (1) is presented with newly

discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah

County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Alexanders argue that

the court committed two clear errors.

First, the Alexanders contend that the court made an error of fact when it found that

"Count IV acknowledges challenged [third-party defendant] 2013-2014 actions constitute

'approval of the 2014 plan of survey. . . .'"[5] This argument is not well-taken. The court

made no factual findings in its order on the Alexanders' motion for leave to amend. All the

court did was state that the Alexanders may be able to assert a plausible APA claim in

connection with the Secretary's approval of the 2014 plan of survey. The Alexanders'

motion for reconsideration on this issue is denied.

---

[3]Docket No. 112.

[4]Docket No. 117.

[5]Motion for Reconsideration at 1, Docket No. 111.

Secondly, the Alexanders argue that the court erred in not giving them leave to amend to assert non-APA, non-Bivens procedural due process claims against the Secretary. The Alexanders contend that these proposed freestanding procedural due process claims were asserted in their proposed Counts I and IV and are based on allegations that the Secretary violated the Alexanders' constitutional due process rights in 2008 and 2013-2014.

"[T]he APA is a framework statute that provides the generally applicable means for obtaining judicial review of actions taken by federal agencies." Clouser v. Espy, 42 F.3d 1522, 1528 n.5 (9th Cir. 1994). "Generally, except where a party challenges an agency action as violating a federal law—be it a statute, regulation, or constitutional provision—that has been interpreted as conferring a private right of action, . . . review under a framework statute such as the APA is the sole means for testing the legality of federal agency action." Id. The Alexanders are arguing that they should be allowed to assert claims alleging that the Secretary violated the due process clause of the Fifth Amendment. The Secretary contends that "the Fifth Amendment does not provide a private right of action[,]"[6] but cites to no authority in support of this contention. The court's independent research has located no support for this general proposition. In fact, the court has found cases in which plaintiffs have been allowed to assert both APA claims and non-APA, non-Bivens due process claims against federal agencies. See, e.g., Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 714 (9th Cir. 2011); Calvillo Manriquez v. Devos, 345 F. Supp. 3d 1077, 1099 (N.D. Cal. 2018);

---

[6]Third-Party Defendant's Response to Third-Party Plaintiffs' Motion for Reconsideration at 3, Docket No. 117.

Cost Saver Management, LLC v. Napolitano, Case No. 10-2105-JST (CWx), 2011 WL 13119439, at *1, 6 (C.D. Cal. June 7, 2011); see also, Shewmaker v. Minchew, 666 F.2d 616, 617, (C.A.D.C. 1981) (declining to "adopt the District Court's reasoning that appellant has no private right of action under the Fifth Amendment because an alternative remedy is available through administrative procedures").

Thus, the court concludes that it erred in not giving the Alexanders leave to amend their third-party complaint to assert non-APA, non-Bivens procedural due process claims against the Secretary. The Alexanders' motion for reconsideration is granted on this issue.

Upon reconsideration, the Alexanders are given leave to amend their third-party complaint to assert non-APA, non-Bivens procedural due process claims. Although it is the court's perception that the Alexanders' proposed third-party amended complaint does not plainly and clearly assert non-APA, non-Bivens procedural due process claims, it is possible that they may be able to allege such claims.

## Conclusion

Based on the foregoing, the Alexanders' motion for reconsideration is denied in part and granted in part. Upon reconsideration, the Alexanders' motion for leave to amend their third-party complaint is again granted in part and denied in part. The Alexanders' motion for leave to amend is denied as to the equitable estoppel claim proposed in Count III. The motion for leave to amend is otherwise granted.

Because the Alexanders' motion to amend is being granted in part and denied in part, the Alexanders may not file the proposed amended third-party complaint that is attached to their motion for leave to amend. The Alexanders may file an amended third-party complaint that asserts APA claims based on the BLM's acceptance of the 2008 Map of Boundaries and approval of the 2014 plan of survey and that separately asserts non-APA, non-Bivens procedural due process claims. The Alexanders are reminded that their amended third-party complaint should contain a "short and plain statement" of each claim for relief and that each allegation should be "simple, concise and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). In amending their third-party complaint, the Alexanders must plainly, clearly, and succinctly set forth the claims they are asserting against the Secretary.

The Alexanders' amended third-party complaint shall be filed on or before May 8, 2019.

DATED at Anchorage, Alaska, this 24th day of April, 2019.

/s/ H. Russel Holland
United States District Judge