WO             IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWITCHYAA ZHEE CORPORATION and GWICHYAA ZHEE GWICH'IN TRIBAL GOVERNMENT,<br><br>          Plaintiffs,<br><br>  vs.<br><br>CLARENCE ALEXANDER and DACHO ALEXANDER,<br><br>          Defendants/Third-Party Plaintiffs,<br><br>  vs.<br><br>DAVID BERNHARDT, Secretary of Interior, in his official capacity,<br><br>          Third-Party Defendant. | No. 4:18-cv-0016-HRH |

O R D E R

Defendants' Motion for Evidence Rule 502(d) Order

Defendants Clarence Alexander and Demetrie (Dacho) Alexander move for the entry of an order pursuant to Rule 502(d), Federal Rules of Evidence.[1] This motion is opposed by

---

[1] Docket No. 122.

plaintiffs Gwitchyaa Zhee Corporation and Gwichyaa Zhee Gwich'in Tribal Government[2] and by David Bernhardt, the third-party defendant.[3] Oral argument was not requested and is not deemed necessary.

This case involves a dispute over the boundaries of Clarence Alexander's § 14(c)(1) claim. On May 13, 2019, the deposition of Gary Lawrence was taken. Lawrence is purportedly the person who created and compiled the 2008 Fort Yukon Map of Boundaries. At his deposition, Lawrence was asked about a draft of an affidavit that defendant Dacho Alexander had prepared for Lawrence to sign in 2011. In preparation for his deposition, which was originally to be in May but has now been rescheduled to July, Dacho Alexander reviewed an email that he sent to attorney Michael O'Brien to refresh his memory about the events surrounding the draft affidavit he had prepared for Lawrence. Defendants are concerned that Dacho Alexander may be asked about this email at his deposition and seek a Rule 502(d) order that would permit them to produce a redacted version of this email without waiving any attorney-client or work-product privilege. In the alternative, defendants request that the court view the email and their proposed redaction in camera prior to allowing them to produce the redacted email.

FRE 502(d) provides that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which

---

[2]Docket No. 135.

[3]Docket No. 150.

-2-

event the disclosure is also not a waiver in any other federal or state proceeding." "Such an order allows the clawing back of an inadvertent production of privileged material without any risk of waiver even where the producing party has not conducted any privilege review." Venture Corporation Ltd. v. Barrett, Case No. 5:13–cv–03384–PSG, 2015 WL 1940230, at *2 (N.D. Cal. April 29, 2015). That is not what the Alexanders are seeking to do here. Rather, they are asking the court to allow them to selectively disclose portions of a document that they claim is protected by the attorney-client privilege.

But, at this point in time, there is no reason for the Alexanders to voluntarily disclose the email. They have claimed attorney-client privilege as to this email (and other related emails)[4] and no other party has requested that the Alexanders produce the email.

As the Alexanders point out, production of documents used to refresh a witness' memory is governed by Rule 612, Federal Rules of Evidence. "This rule gives an adverse party certain options when a witness uses a writing to refresh memory [] before testifying, if the court decides that justice requires the party to have those options." FRE 612(a)(2). The adverse party

> is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony. If the producing party claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any

---

[4]Defendants' Response to Plaintiffs' First Requests for Production at 7-12, attached to Affidavit of Defendants' Attorney [etc.], which is appended to Defendants' Motion for Evidence Rule 502(d) Order, Docket No. 122.

unrelated portion, and order that the rest be delivered to the adverse party.

FRE 612(b).

The court cannot presently determine whether any adverse party is entitled to the options set out in FRE 612(b) because Dacho Alexander's deposition has not yet been taken. If Dacho Alexander is asked about the email at his deposition and should an adverse party request that the email be produced, then the court will have to consider whether justice requires that production. At that time the court will take up the issue of the interplay between FRE 612 and a document sought to be protected under the attorney-client privilege doctrine.[5] But, for now, defendants' motion for a Rule 502(d) order is denied.

DATED at Anchorage, Alaska, this 3rd day of July, 2019.

/s/ H. Russel Holland
United States District Judge

---

[5]The court would note that in general, courts have applied an "automatic waiver" of privilege rule to documents a deponent reviews to refresh his memory prior to testifying. Adidas America, Inc. v. TRB Acquisitions LLC, 324 F.R.D. 389, 397 (D. Or. 2017) (collecting cases). The waiver applies to any and all portions of the document that the deponent reviewed. United States v. 22.80 Acres of Land, 107 F.R.D. 20, 25 (D.C. Cal. 1985).