WO          IN THE UNITED STATES DISTRICT COURT

FOR THE  DISTRICT OF ALASKA


GWITCHYAA ZHEE CORPORATION and )
GWICHYAA ZHEE GWICH'IN TRIBAL )
GOVERNMENT, )
)
                    Plaintiffs, )
)
        vs. )
)
CLARENCE ALEXANDER and DACHO )
ALEXANDER, )
)
                    Defendants and Third-  )          No. 4:18-cv-0016-HRH
                    Party Plaintiffs, )
)
        vs. )
)
DAVID BERNHARDT, in his official )
capacity as Secretary of the United States )
Department of the Interior, )
)
                    Third-Party Defendant. )
_____ )


O R D E R

Motion to Eject;
Motions for Evidentiary Rulings

    Plaintiffs  Gwitchyaa  Zhee  Corporation  and  Gwichyaa  Zhee  Gwich'in  Tribal

Government  move  for  an  ejectment  order  in  favor  of  GZ  Corporation.[1]   This  motion  is

_____

[1]Docket No. 259.

-1-

opposed by defendants Clarence and Demetrie Alexander,[2] and defendants move for some evidentiary rulings.[3] These motions are opposed.[4] Oral argument was not requested on any of the pending motions and is not deemed necessary.

## Background

In this action, plaintiffs seek to eject defendants from three parcels of land: "Tract 9, Tract 19A, and the triangle-shaped parcel of land at the end of the Barge Landing Road where it meets the Yukon River[,]"[5] land which defendants have contended is part of Clarence's § 14(c) claim. "The remaining issue in this case is which of the plaintiffs is the current title holder of the three parcels as to which ejectment is sought."[6] As to this issue, the court requested that plaintiffs submit "admissible evidence" in order to establish which of plaintiffs "is entitled to immediate possession of the disputed parcels."[7] The instant

_____

[2]Docket No. 263.

[3]Docket Nos. 269 and 270.

[4]Docket No. 275.

[5]First Amended Complaint at 12, ¶ 33, Docket No. 95.

[6]Order re Case Status at 1, Docket No. 255. Both plaintiffs and defendants took exception to the court's use of the term "title holder." Plaintiffs point out that "the ultimate question of title is not determinable in an ejectment action" but rather the question is "who has the superior right to possession in the premises as between the parties." Gillespie v. Windust, 143 F. Supp. 555, 560 (D. Alaska. Terr. 3. Div. 1956). Defendants point out that the law recognizes different types of title and renew arguments, arguments that the court has already rejected, that they have title to the disputed parcels.

[7]Order re Case Status at 2, Docket No. 255.

-2-

motion to eject defendants, supported by a Limited Liability Report from Yukon Title Company and two affidavits, followed.

Also pending before the court are two motions by defendants for evidentiary rulings.

## Motion to Eject Defendants

"In order to prove their ejectment claim," plaintiffs are "required to show that they ha[ve] a 'legal estate' in the property and 'a present right to possession of the property.'" Fink v. Municipality of Anchorage, 379 P.3d 183, 190 (Alaska 2016) (quoting AS 09.45.630). It has already been established that on March 22, 1985, GZ Corporation received an interim conveyance of the lands at issue in this lawsuit,[8] and that on June 27, 2007, the patent for the lands involved in this lawsuit was issued to GZ Corporation.[9] But because there was evidence that in 1994, GZ Corporation had agreed to transfer some land to the Tribal Government, it was not clear which plaintiff has a legal estate in the three parcels and the present right of possession to the three parcels. As the court has stated, "[c]learly one of GZ Corporation or the Tribal Government has title to the three disputed parcels; and whichever one of them is the owner is entitled to eject defendants from those parcels."[10] The

---

[8]Exhibit A, Plaintiffs' Motion for Summary Judgment [etc.], Docket No. 153.

[9]Exhibit B, Plaintiffs' Motion for Summary Judgment [etc.], Docket No. 153. Defendants concede that the interim conveyance and the patent are admissible evidence. Defendants' Opposition to Docket 255 and to Plaintiffs' Docket 259 Motion at 6, Docket No. 263.

[10]Order re Motion for Summary Judgment; Cross-Motion to Dismiss at 17, Docket No. 239.

only question is which plaintiff is so entitled. Plaintiffs now contend "that GZ Corporation is the plaintiff with a legal estate in the property and the present right to possession of the property."[11] In support of this contention, plaintiffs offer a Limited Liability Report from Yukon Title Company and the affidavits of Michelle Peter and Nancy James.

Defendants argue that there are several issues that must be resolved before the court can consider the evidence offered by plaintiffs. First, defendants argue that there are questions concerning GZ Corporation's compliance with § 14(c) of ANCSA that must be resolved before it could be determined that GZ Corporation has a legal estate in the disputed parcels and a present right of possession. Defendants couch this as a Supremacy Clause argument and insist that the court has misapplied 43 U.S.C. § 1624 and 43 C.F.R. § 2650.5-4(c)(1) to their affirmative defenses. Defendants argue that "[u]nless [p]laintiffs can first show compliance with federal constitutional, statutory and regulatory requirements, the [c]ourt lacks authority to decide subordinate state law AS 09.45.630 ejectment issues."[12]

Defendants' foregoing argument is nothing more than a renewal of an argument that defendants have made repeatedly throughout this litigation, namely that GZ Corporation did not comply with the § 14(c) requirements in connection with Clarence's § 14(c) claim. But, as this court has repeatedly held, defendants' challenges, such as this one, to the boundaries of Clarence's § 14(c) claim are barred by the one-year statute of limitations in 43 U.S.C. §

---

[11]Plaintiffs' Motion to Eject Defendants at 4, Docket No. 259.

[12]Defendants' Opposition to Docket 255 and to Plaintiffs' Docket 259 Motion at 12, Docket No. 263.

-4-

1632(b).  Clarence's failed § 14(c) application for the conveyance of the three parcels in question leaves them with no present right to possession of the three parcels.

Defendants also raise an argument that GZ Corporation, as an ANCSA corporation, does not qualify for any kind of § 14(c) land.  Defendants argue that GZ Corporation is attempting to deed § 14(c) land to itself and that such an act would be <u>ultra</u> <u>vires</u>.  Defendants argue that GZ Corporation is trying to acquire § 14(c) land to which it was ineligible to apply for in the first place.

This argument is frivolous.  GZ Corporation is not seeking § 14(c) land.  Rather, GZ Corporation owns the land (the three parcels in question), subject to § 14(c) rights, if any, held by occupants of Village lands.  Defendants' argument that GZ Corporation is trying to acquire § 14(c) land is just another way of arguing that the disputed parcels should be considered part of Clarence's § 14(c) claim.  But, the court has held that it is too late for defendants to challenge the boundaries of Clarence's § 14(c) claim and that their claim of adverse possession fails.  There has been no <u>ultra</u> <u>vires</u> conduct by GZ Corporation or the Tribal Government.

Turning then to the evidence that plaintiffs have offered in support of the instant motion to eject defendants, plaintiffs have offered a Limited Liability Report from Yukon Title Company.[13]  Plaintiffs' counsel avers that he

---

[13]Exhibit B, Plaintiffs' Motion to Eject Defendants, Docket No. 259.

contacted Yukon Title Company in Fairbanks to obtain a title opinion on the three parcels at issue in this ejectment action. I identified the three parcels to the title company by sending Plat 2014-78 in its entirety,[14] as well [as] page 2 of 30 of that plat with the three areas highlighted in yellow.[15]

The Limited Liability Report states that GZ Corporation has title to the surface estate of the three parcels.[16]

Defendants argue that Plat 2104-78, the portion of Plat 2014-78 (Sheet 2 of 30) that Baxter avers he sent to Yukon Title,[17] and Baxter's declaration[18] are all inadmissible. As for Baxter's declaration, defendants argue that it does not comply with Rule 56(c)(4), which requires that "[a]n affidavit or declaration used to support or oppose a motion . . . be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Defendants argue that Baxter's declaration does not comply with Rule 56(c)(4) because he has no personal

---

[14]This is the Section 14(c) plat for GZ Corporation issued by the Bureau of Land Management on June 2, 2014 and recorded in the Fairbanks Recording District. Exhibit G, Plaintiffs' Motion for Summary Judgment [etc.], Docket No. 153.

[15]Declaration of Counsel Lee Baxter at 1, ¶ 2, Docket No. 260.

[16]Exhibit B at 2, Plaintiffs' Motion to Eject Defendants, Docket No. 259. One of the exceptions noted by the title company is a quitclaim deed between John L. Alexander and Marilyn Alexander dated July 7, 2017. Id. at 3. Plaintiff's counsel avers that this deed involves a parcel that "is not located within any of the three parcels at issue in this lawsuit" and that "[p]laintiffs do not seek to eject Marilyn Alexander or John L. Alexander from that parcel. . . ." Baxter Declaration at 2, ¶ 4, Docket No. 260.

[17]Exhibit A, Plaintiffs' Motion to Eject Defendants, Docket No. 259.

[18]Docket No. 260.

knowledge about the creation, formation, or execution of Plat 2014-78 or Page 2 of 30 of the Plat.

This argument misses the mark because Baxter submitted Plat 2014-78 (including page 2 of 30 thereof) to show the title company the area for which plaintiffs wanted a title opinion, not to confirm the veracity of Plat 2014-78. Baxter has personal knowledge of what information he sent to the title company. Baxter's declaration is admissible.

As for Plat 2014-78 (including page 2 of 30 thereof), defendants first argue that this exhibit "violate[s] Alaska's conveyance acknowledgment rule"[19] and thus is not self-authenticating. AS 34.15.150(a) provides that

> [a] conveyance executed in the state of land or an interest in land in the state shall be acknowledged before a person authorized to take acknowledgments in AS 09.63.010 or proved in accordance with AS 34.15.210 or 34.15.220. The officer taking an acknowledgment shall endorse on it a certificate of the acknowledgment of the conveyance and the date of making the acknowledgment.

"[T]he purpose of acknowledgment is usually to allow an instrument to be recorded or to be introduced into evidence without further proof of execution." Smalley v. Juneau Clinic Bldg. Corp., 493 P.2d 1296, 1301 (Alaska 1972). "[A]n unacknowledged conveyance cannot be recorded and may not be read in evidence without further proof of the conveyance." Id. A

---

[19]Defendants' Objections to Docket 260; Plat 2014-78; and Docket 259-1 at 6, Docket No. 264.

"'conveyance' means a transfer of an interest in real property other than by will or operation of law[.]" AS 40.17.900(3).

Defendants argue that Plat 2014-78 (including page 2 of 30 thereof) was not sufficiently acknowledged. Plat 2014-78 was signed by the President of GZ Corporation; Eric Stahlke, the land surveyor; and BLM's Chief Cadastral Surveyor for Alaska, But, defendants argue that none of these signatures is notarized, acknowledged, or certified. Thus, defendants argue that Plat 2014-78 (including page 2 of 30 thereof) is inadmissible.

This argument fails because Plat 2014-78 is not a conveyance document. It is a subdivision plat duly recorded in the Fairbanks Recording District of Alaska. The conveyance of import here is the patent conveying the land in question to GZ Corporation.[20]

Defendants also argue that Plat 2014-78 (including page 2 of 30 thereof) is inadmissible hearsay. Plaintiffs however argue that Plat 2014-78 is admissible pursuant to the hearsay exception in Rule 803(14), Federal Rules of Evidence. Rule 803(14) provides that a "record of a document that purports to establish or affect an interest in property" is admissible if

> (A) the record is admitted to prove the content of the original recorded document, along with its signing and its delivery by each person who purports to have signed it;
>
> (B) the record is kept in a public office; and

---

[20]Exhibit B, Plaintiffs' Motion for Summary Judgment [etc.], Docket No. 153.

(C) a statute authorizes recording documents of that kind in that office.

Defendants argue that Plat 2014-78 does not fall within this hearsay exception because it does not satisfy the third criteria. Defendants argue that the State of Alaska has no statute which authorizes the recording of unacknowledged conveyance documents, which as set out above, defendants contend Plat 2014-78 is.

Defendants' argument fails. AS 40.17.110 provides that "a document that meets the requisites for recording under AS 40.17.030 may be recorded." AS 40.17.30 provides, in relevant part, that

> to be eligible for recording, a document must
> (1) contain original signatures;
> (2) be legible or capable of being converted into legible form by a machine or device used in the recording office;
> (3) be capable of being copied by the method used in the recording office;
> (4) contain a title reflecting the overall intent of the document;
> (5) contain the information needed to index the document under regulations of the department;
> (6) contain a book and page reference or serial number reference if the document amends, corrects, extends, modifies, assigns, or releases a document previously recorded in this state;
> (7) contain the name and address of a person to whom the document may be returned after recording;
> (8) if it is a deed, contain the mailing addresses of all persons named in the document who grant or acquire an interest under the document;
> (9) contain the name of the recording district in which it is to be recorded; and
> (10) be accompanied by the applicable recording fee set by regulation; if the document is to be recorded for multiple purposes, it must be accompanied by the applicable fee for each of the multiple purposes.

-9-

Plat 2014-78 meets these requirements. Thus, Plat 2014-78 falls within the 803(14) hearsay exception and is admissible.

Next, defendants object to the admissibility of the Limited Liability Report submitted by plaintiffs. First, defendants argue that there is no evidence that the person who signed the report had personal knowledge of its content. Second, defendants argue that the report is irrelevant because it "[i]s not a title insurance policy, guarantee or commitment to issue a title insurance policy" and "may not be relied on by third parties."[21] Defendants argue that the court is a third party and thus it cannot rely on the Limited Liability Report, which defendants contend plaintiffs have mischaracterized as a "title report" and "a title opinion report." Defendants argue that the report cannot be considered an "opinion" report because it does not comply with the requirements of either Rule 701, which governs the admissibility of lay opinions, or Rule 702, which governs the admissibility of expert opinions. Defendants argue that plaintiffs have presented no information about Nikki Haines, the person who signed the Limited Liability Report, as an "agent" for Stewart Title, which recently acquired Yukon Title.[22] Defendants argue that Haines' employment by a title company does not necessarily qualify her to be an expert witness.

---

[21]Limited Liability Report, Exhibit B at 4, Plaintiffs' Motion to Eject Defendants, Docket No. 259.

[22]See Baxter Declaration at 2, ¶ 3, Docket No. 260.

-10-

Defendants also object to the admissibility of the Limited Liability Report because they deny that plaintiffs "had–have–unqualified fee title to the disputed areas[.]"[23] Defendants also argue that the Limited Liability Report is inadmissible because it largely relies on Plat 2014-78, which as defendants have argued above, is itself not admissible. And, defendants argue that the Limited Liability Report is inadmissible because it is irrelevant as it does not consider whether GZ Corporation did or did not satisfy § 14(c) requirements in connection with Clarence's § 14(c) claim. Defendants contend that "[a]s a matter of federal preemption under §14(c)'s plain terms, GZ Corp. cannot have 'title' to disputed §14(c) areas when Clarence--an undisputed valid §14(c)(1) claimant--claimed and continues to claim these same disputed §14(c) areas."[24] Defendants also argue that the Limited Liability Report is inadmissible hearsay.

Defendants also complain that the legal description of Parcel 1 in the Limited Liability Report is insufficient. Parcel 1 is described as

> Government Lot 4, Section 12, Township 20 North, Range 11 East, Fairbanks Meridian; Records of the Fairbanks Recording District, Fourth Judicial District, State of Alaska.
>
> EXCEPTING THEREFROM the plat of Fort Yukon Tank Farm Subdivision, according to the plat filed May 13, 2011 as Plat No. 2011-48, Fairbanks Recording District, Fourth Judicial District, State of Alaska.

---

[23]Defendants' Objections to Docket 259-2 (Limited Liability Report) at 4, Docket No. 267.

[24]Id. at 11.

-11-

ALSO EXCEPTING THEREFROM the plat of Alaska Native Claims Settlement Act (ANCSA) Section 14(c), Gwitchyaa Zhee Corporation at Fort Yukon Alaska, according to the plat filed June 10, 2014 at Plat No. 2014-78, Records of the Fairbanks Recording District, Fourth Judicial District, State of Alaska.[25]

Defendants argue that this legal description is insufficient because it is presumed to include the Joe Ward barge area, but it does not expressly mention that area.

Defendants next argue that the legal descriptions for all three parcels conflict with Exception 4 in the Limited Liability Report which reads: "The terms, covenants, conditions and provisions, including rights-of-way and easements as contained in the Alaska Native Claims Settlement Act, dated December 18, 1971, U.S. Public Law 92-203, 85 Stat. 688, 43 U.S.C.A. 1601, et seq."[26] The legal descriptions for all three parcels mention GZ Corporation, ANCSA, and Plat 2014-78. Defendants argue that by including a reference to both GZ Corporation and ANCSA in the legal descriptions, the Limited Liability Report incorrectly implies that GZ Corporation complied with all § 14(c) requirements, which defendants continue to insist it did not. Defendants also argue that the legal descriptions incorrectly imply that GZ Corporation could convey disputed § 14(c) land to itself.

Defendants also argue that the Limited Liability Report is inadmissible because it is irrelevant as it does not address GZ Corporation's right to present possession of the disputed

---

[25]Limited Liability Report, Exhibit B at 2, Plaintiffs' Motion to Eject Defendants, Docket No. 259.

[26]Id.

parcels. And, if all else fails, defendants argue that the Limited Liability Report is inadmissable under FRE 403 because its slight probative value is outweighed by dangers of undue prejudice, confusion of the issues, and wasting time.

Even though the court suggested that plaintiffs might submit a title report as evidence, there are some problems with the admissibility of the title report that was submitted. But even if the title report is not admissible, there is before the court admissible evidence, in the form of the interim conveyance and patent, that GZ Corporation was the owner of the three disputed parcels as of 1985. The real question here has been whether GZ Corporation conveyed any of the disputed land to the Tribal Government pursuant to the 1994 Land Transfer Agreement. As to that question, plaintiffs have offered the affidavits of Nancy James and Michelle Peter as proof that no portion of the disputed parcels have yet been transferred to the Tribal Government.

James is the "First Chief of the Gwichyaa Zhee Gwich'in Tribal Government[.]"[27] James avers that

> on June 11, 2020, the Tribal Council held a special meeting and authorized our legal counsel in this matter to represent to the Court that GZ Corporation is the current title owner to the land that is the subject of this lawsuit because GZ Corporation has not yet completed its § 14(c) transfers.[28]

─────────────────

[27]Affidavit of Nancy James at 1, ¶ 1, Docket No. 261.

[28]Id. at 2, ¶ 4.

-13-

James further avers that "[t]he Tribe agrees that GZ Corporation currently owns the areas highlighted in yellow on Exhibit A under the terms of a Land Transfer Agreement between GZ Corporation and the Tribe dated July 17, 1994, because GZ Corporation has not yet completed its § 14(c) transfers for that area."[29]

Defendants, however, argue that the James affidavit is inadmissible. Defendants first complain that James does not aver how long she has held the position of First Chief of the Tribe. Defendants argue that without this information they cannot tell if James has direct, personal knowledge of some of the information included in her affidavit. Defendants also complain about James' reference to Exhibit A, which is page 2 of 30 of Plat 2014-78, arguing that James cannot vouch for the accuracy of the information on Plat 2014-78. Defendants also take exception to James' reference in paragraph 2 of her affidavit to the 2018 vote by the Tribal Council to participate in this litigation, arguing that this information is irrelevant. Defendants take great exception to James' averment in paragraph 3 that "[t]he Tribe seeks to eject the Alexanders from the highlighted areas that the Alexanders do not own",[30] arguing that she is not qualified to testify as to what land they own or do not own. Defendants also argue that James is not competent to testify as to who is the "current title owner of the land that is the subject of this lawsuit"[31] because this is nothing more than opinion on an ultimate

---

[29] Id. at 2, ¶ 5 (emphasis omitted).

[30] Id. at 2, ¶ 3.

[31] Id. at 2, ¶ 4.

-14-

question of law. Defendants also object to James' statement that "[t]he Tribe agrees that GZ Corporation currently owns the areas highlighted in yellow on Exhibit A. . . ."[32] Defendants argue that James is not competent to make a statement or give an opinion as to who owns the disputed parcels. Defendants argue that James is simply not qualified or competent, under either Rule 701 or 702, Federal Rules of Evidence, to offer the opinion that GZ Corporation has a legal estate in the disputed parcels and a present right to possession of the disputed parcels. Rather, defendants contend that

> [w]hether GZ Corp. has a present "legal estate" and the right to immediate "[]possession" of the disputed areas involves (1) analysis of federal preemption §14(c) "requirements" under federal conveyances, including §14(c) terms, §1624's "necessary" regulation 43 CFR §2650.5-4 (c)(1), the Fifth Amendment, and the Supremacy Clause; and (2) subordinate state law ejectment issues under AS 09.45.630.[33]

James' affidavit is admissible at this stage of the litigation. The pertinent part of James' affidavit is her averment that, as between the two plaintiffs, the Tribal Government agrees that GZ Corporation should receive the ejectment order. As to this averment, James' affidavit complies with Rule 56(c)(4) and as such, the court may consider it in deciding the question at hand, namely which plaintiff has a legal interest in the disputed parcels and the present right to possession of the disputed parcels. Here again, defendants fail to acknowledge that this court has ruled that GZ Corporation's § 14(c) obligation to defendants

---

[32]Id. at 2, ¶ 5 (emphasis omitted).

[33]Defendants' Objections to Docket No. 261 (Nancy James Affidavit) at 7, Docket No. 265.

has been satisfied because defendants are time-barred as to a § 14(c) claim on the three parcels in question.

Plaintiffs also offer the affidavit of Michelle Peter. Peter is "a member of the board of directors and president" of GZ Corporation.[34] Peter avers that "GZ Corporation has not completed the § 14(c)(3) transfers for the highlighted areas. GZ Corporation owns the highlighted areas. . . ."[35]

Defendants argue that Peter's affidavit is inadmissible. Defendants first complain that Peter does not aver how long she has been the President of GZ Corporation or how long she has been on the Board of Directors. Without this information, defendants argue that there is no way to tell if Peter has personal knowledge of the events involved in this lawsuit, such as the 1990 events that led GZ Corporation to approve Clarence's § 14(c) application or the 2013-2014 events that led to the creation of Tract 19A. Defendants next complain that in paragraph 2 of her affidavit, Peter states that plaintiffs "initiated this lawsuit to eject" defendants "from land adjacent to Clarence Alexander's § 14(c) parcel"[36] and they point out that they have denied that the disputed parcels were "adjacent" to Clarence's § 14(c) parcel, instead contending that the disputed parcels were part of his parcel. Defendants also complain about Peter's reference to Exhibit A, which is page 2 of 30 of Plat 2014-78, arguing

---

[34]Affidavit of Michelle Peter at 1, ¶ 1, Docket No. 262.

[35]Id. at 2, ¶ 5.

[36]Id. at 1-2, ¶ 2.

-16-

that Peter is not competent to testify about the accuracy of Plat 2014-78. Defendants also take exception to Peter's averment in paragraph 3 that "GZ Corporation desires to make this area open to the public so that members of . . . Fort Yukon may utilize it to access the Yukon River[,]"[37] arguing that this averment is irrelevant. Defendants also take exception to Peter's averment in paragraph 4 of her affidavit that "[t]he United States conveyed the surface estate of the highlighted areas [of Exhibit A] to GZ Corporation in accordance with ANCSA."[38] But the arguments that defendants make in connection with paragraph 4 all have to do with Peter's averment in paragraph 5 that "GZ Corporation owns the highlighted areas. . . ."[39] Defendants challenge the truth of that averment, arguing that they claim adverse title to all three disputed parcels. But the court has already decided defendants' adverse possession contentions in plaintiffs' favor. This challenge to Peter's affidavit is nothing more than an attempt to reargue these contentions. Defendants also argue that Peter is not competent to testify as to the ownership of the disputed parcels and they make the same arguments on this issue as they did in connection with James' affidavit. Defendants also take exception to Peter's averment in paragraph 5 that "GZ Corporation has not completed the § 14(c)(3) transfers for the highlighted areas" in Exhibit A.[40] Defendants argue that this averment

---

[37]Id. at 2, ¶ 3.

[38]Id. at 2, ¶ 4.

[39]Id. at 2, ¶ 5.

[40]Id.

"merely means GZ Corp. understands Clarence's valid priority § 14(c)(1) claim takes legal priority and precedence over any subordinate § 14(c)(3) parcel."[41]  This is important, according to defendants, because GZ Corporation cannot complete its § 14(c)(3) transfers until it resolves all issues as to Clarence's § 14(c)(1) claim, which defendants contend has not yet happened.

Peter's affidavit is admissible at this stage of the litigation.  The pertinent part of Peter's affidavit is her averment that GZ Corporation has not yet transferred any of the land in dispute to the Tribal Government.  As to this averment, Peter's affidavit complies with Rule 56(c)(4) and as such, the court may consider it in deciding the question at hand, namely which of the two plaintiffs has a legal interest in the disputed parcels and the present right to possession of the disputed parcels.

As to that question, plaintiffs have shown that GZ Corporation has a legal interest in the disputed parcels and a present right to possession of those parcels.  Thus, plaintiff's motion to eject defendants is granted.  It is clear beyond any possible dispute that GZ Corporation acquired title to the three parcels in question by U.S. patent.  Indeed, the irony here is that if GZ Corporation did not hold title to the three parcels as a consequence of the U.S. patent, then there is no basis for any § 14(c) claim by defendants.  The affidavits of James and Peter establish the fact that the parcels in question have not been conveyed by GZ

---

[41]Defendants' Objections to Docket No. 262 (Michelle Peter Affidavit) at 6, Docket No. 266.

-18-

Corporation to the Tribal Government. And, as defendants suggest, GZ Corporation has to hold the three parcels in question until defendants' § 14(c) claim is ultimately and finally resolved, if necessary after an appeal of this court's judgment.

<u>Defendants' First Motion for Evidentiary Rulings</u>

Defendants' first motion for evidentiary rulings is brought pursuant to Rules 103(a)(1)and (d) and Rule 104(a), Federal Rules of Evidence. In order to preserve a claim of error as to evidence, Rule "103(a)(1) requires that a timely objection or motion to strike appear of record and state the specific ground for objection to admission or exclusion of evidence." <u>Sheehy v. Southern Pac. Transp. Co.</u>, 631 F.2d 649, 652 (9th Cir. 1980). Rule 103(d) provides that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."[42] Rule 104(a) provides that "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege."

Defendants move for rulings that Sheets 1-2 of 30 of Plat 2014-78 are not self-authenticating documents, Sheets 1-2 of 30 of Plat 2014-78 are <u>ultra</u> <u>vires</u> documents, the February 2, 2016, quitclaim deed from GZ Corporation to Clarence Alexander is inadmissible, and a February 11, 2016, cover letter sent with the deed is inadmissible.

---

[42]This rule has no application here as there is not going to be any jury trial in this matter as it is being decided at the summary judgment stage.

<u>Sheet 1-2 of 30 of Plat 2014-78</u>.  Defendants seek a ruling that Sheets 1-2 are not self-authenticating.  Defendants also seek a ruling that these documents are <u>ultra vires</u> documents because GZ Corporation did not comply with all of the § 14(c) requirements, such as survey requirements and the requirement that known conflicts be resolved prior to the submission of a map of boundaries.  Defendants also appear to be seeking a ruling that Sheets 1-2 are inadmissible hearsay because they fall outside the Rule 803(8) hearsay exception.  Rule 803(8) provides that "[a] record or statement of a public office" is not hearsay if:

> (A) it sets out:
>   (i) the office's activities;
>   (ii) a matter observed while under a legal duty to report, but
>   not including, in a criminal case, a matter observed by
>   law-enforcement personnel; or
>   (iii) in a civil case or against the government in a criminal
>   case, factual findings from a legally authorized investigation;
>   and
> (B) the opponent does not show that the source of information
> or other circumstances indicate a lack of trustworthiness.

More specifically, defendants argue that Sheets 1-2 are not admissible under Rule 803(8)

> because:  (1) there is no indication that the BLM person who
> signed had first-hand knowledge; (2) there is a high probability
> of multiple levels of hearsay; (3) there is no evidence of any
> duty on the part of the BLM signer to record the information
> contained in Plat 2014-78, including Sheets 1-2 of 30; and (4)
> they are <u>ultra vires</u> documents.[43]

---

[43]Defendants' Motion re:  Evidence Rule 104 Inadmissibility; and/or Motion re: Evidence Rule 105 Limited Admissibility at 9, Docket No. 269.

As discussed above, Plat 2014-78 falls within the Rule 803(14) hearsay exception and it is not an <u>ultra vires</u> document. As for defendants' argument that Plat 2014-78 is not a self-authenticating document, that may be, but Plat 2014-78 has been authenticated by Frannie Hughes, the Chief Executive Officer of GZ Corporation.[44] Defendants' objections to Plat 2014-78 (including Sheets 1-2 thereof) are overruled.

<u>Clarence Alexander quitclaim deed</u>. Defendants seek a ruling that the quitclaim deed from GZ Corporation to Clarence Alexander, which was recorded on February 2, 2016,[45] is inadmissible because it does not identify the parcel with reasonable certainty. The quitclaim deed describes the parcel being deeded as "Tract 19 located in Section 12, T20N, R11E, Fairbanks Meridian, as described at pages 1 and 2 of Plat No. 2014-78, recorded June 10, 2014, in the Fairbanks Recording District."[46] "A valid deed must designate the land intended to be conveyed with reasonable certainty." <u>Shilts v. Young</u>, 567 P.2d 769, 773 (Alaska 1977). "However, '. . . (t)he purpose of a deed description is not to identify the land, but to furnish the means of identification.'" <u>Id.</u> (quoting <u>Matney v. Cedar Land Farms, Inc.</u>, 224 S.E.2d 162, 165 (Va. 1976)). "Thus, a description is sufficient if it contains information permitting identification of the property to the exclusion of all others." <u>Id.</u>

---

[44]Affidavit of Frannie Hughes at 2, ¶ 6, Docket No. 155.

[45]Docket No. 269-1 at 7.

[46]<u>Id.</u>

-21-

Defendants argue that the description of the parcel in the quitclaim deed is insufficient because Sheet 1 references BLM's Special Instructions, which identify Clarence's § 14(c) claim (then Tract 9) as being 8.79+ acres, while Tract 19 on Sheet 1 is smaller. This conflict, according to defendants, means that the parcel identified in the quitclaim deed is uncertain, which renders the quitclaim deed void, or at best, ambiguous. As such, defendants argue that the quitclaim deed is inadmissible.

This argument is nonsense. The quitclaim deed establishes Clarence's title to Tract 19, but Clarence's ownership of Tract 19 is irrelevant to the question of which of the two plaintiffs is entitled to present possession of the three parcels at issue. Defendants' objection to the admissibility of the quitclaim deed is overruled.

transmittal letter. On February 11, 2016, GZ Corporation sent Clarence the quitclaim deed with a cover letter.[47] Defendants seek a ruling that the statement in the letter that GZ Corporation "did complete [its] ANCSA 14(c)(1) fulfillments" is hearsay.

Defendants' objection to the statement in the transmittal letter that GZ Corporation complied with § 14(c) requirements is sustained. This statement is not admissible because it is hearsay. This statement is also irrelevant because plaintiffs have not relied on this statement at any time nor has the court ever relied on this statement in reaching any of its conclusions in this case.

---

[47] Id. at 6.

<u>Defendants' Second Motion for Evidentiary Rulings</u>

This motion for evidentiary rulings is brought pursuant to Rule 104(b), Federal Rules of Evidence, which is "the rule of conditional relevance." <u>United States v. Norris</u>, 428 F.3d 907, 914 (9th Cir. 2005). Rule 104(b) provides that "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later."

Defendants seek admissibility rulings that they "have presented sufficient Rule 104(b) evidence on the following issues:"[48]

1)      that Clarence understood that his § 14(c) application included the disputed areas;

2)      that Clarence had a good faith color of title to the disputed areas; and

3)      that Wally Flitt's statements "show: (a) boundary evidence and community event testimony; and/or (b) the doctrine of boundary by acquiescence regarding [the 3 disputed areas.]"[49]

Defendants also request that the court, if it determines that Wally Flitt's statements are inadmissible hearsay, revisit its order denying defendants' Rule 56(d) motion as moot.[50]

_____

[48]Defendants' Motion re: Evidence Rule 104 Admissibility at 3, Docket No. 270.

[49]<u>Id.</u> at 4.

[50]Order re Motion for Summary Judgment, Cross-motion to Dismiss at 17, Docket No.
(continued...)

-23-

As to the first issue, defendants argue that they have presented sufficient evidence that Clarence believed that his § 14(c) claim included the disputed areas. Defendants then proceed to plow through the evidence as it relates to the claim, such as the application itself, Clarence's testimony, the hand drawn sketch that was attached to his application, and the aerial photograph. Defendants "assume the [c]ourt overlooked" this evidence and thus "request[] a definitive ruling Clarence presented sufficient evidence showing [he] intended his 1984 application to include disputed areas based on boundaries, not acreage."[51]

This is not an issue of conditional relevance. As the comments to Rule 104(b) explain, "[i]n some situations, the relevancy of an item of evidence, in the large sense, depends upon the existence of a particular preliminary fact." The relevancy of what Clarence believed as to the boundaries of his § 14(c) claim does not depend on the existence of preliminary facts and the court has not overlooked the evidence to which defendants refer. There is no question that Clarence has always believed that his § 14(c) claim included the disputed parcels. But, the problem here is that once Clarence knew in 2011 that his § 14(c) claim did not all the land he believed it did, he did not take the appropriate actions to challenge the boundaries. Thus, the court has held that defendants' attempts to do so in this litigation are barred by the statute of limitations.

---

[50](...continued)
239.

[51]Defendants' Reply [etc.] at 5, Docket No. 280.

As to the second issue, defendants argue that they have presented sufficient evidence of Clarence's good faith color of title for purposes of an adverse possession claim pursuant to the pre-2003 version of AS 09.45.052(a). Defendants cite to a new affidavit from Clarence's wife, Virginia, which they submitted in support of their opposition to plaintiffs' motion to eject,[52] and Clarence's 1984 § 14(c) application. In her affidavit, Virginia avers that "it was common knowledge in the community that the Joe Ward property included the pond area and the barge land area at the slough[.]"[53] Defendants contend that Virginia's affidavit is an offer of proof that they can prevail on their adverse possession defense.

This is not a conditional relevancy issue. Rather, this is an attempt by defendants to offer evidence that they could have offered long before now. The court has already held that defendants cannot prevail on their adverse possession affirmative defense, and it is too late for defendants to offer new evidence on this issue.

Defendants also argue that they have presented sufficient evidence of boundary by acquiescence. "Boundary by acquiescence is an equitable gap-filling doctrine that may be available where estoppel and adverse possession are unavailable." Lee v. Konrad, 337 P.3d 510, 518 (Alaska 2014). "[A] boundary line is established by acquiescence where adjoining landowners (1) whose property is separated by some reasonably marked boundary line (2) mutually recognize and accept that boundary line (3) for seven years or more." Id. at 520.

---

[52]Docket No. 263-1.

[53]Affidavit of Virginia Alexander [etc.] at 2, ¶ 13, Docket No. 263-1.

-25-

Defendants argue that Virginia's affidavit is sufficient evidence to establish the boundary lines of Clarence's § 14(c) claim. She avers:

> 17. The roadway that marks one [of] Joe Ward property boundaries (and part of the property Clarence purchased in 1974), that runs north to south toward an area then commonly known as the City of Fort Yukon barge area, was put in around 1981 by the State Department of Transportation;
> 18. The roadway that runs from east to west towards the Joe Ward Slough or barge area, that marks another Joe Ward property boundary (and part of the property Clarence purchased in 1974), was put in by the State in around 1982;
> 19. Clarence and I have always considered these roadways to mark the boundaries of the Joe Ward property and property Clarence purchased from Jim Ward Sr. in 1974[.][54]

Defendants also seek a ruling that Wally Flitt's statements are admissible evidence as to their boundary by acquiescence argument. In prior declarations, defendants have averred that Wally Flitt, who was GZ Corporation's Land Manager and Acting General Manager, had told them that Clarence's § 14(c) claim "goes all the way to both roads[.]"[55]

This is not an issue of conditional relevance. Rather, it is an attempt by defendants to add a new affirmative defense, an attempt that must fail. Defendants did not plead boundary by acquiescence as an affirmative defense. None of their counterclaims were based on a boundary by acquiescence theory. They did not argue boundary by acquiescence in their response to plaintiffs' motion for summary judgment or in their cross-motion to dismiss.

---

[54]Id. at 3.

[55]Clarence's 1/31/20 Affidavit at ¶ 63, Docket No. 228-2 at 8; see also, Dacho's 1/31/20 Affidavit at ¶¶ 51-56, Docket No. 228-3 at 7-8.

And, they did not raise a boundary by acquiescence argument when they argued that they had affirmative defenses that had yet to be decided. It is far too late for defendants to now raise a boundary by acquiescence argument.

## Conclusion

Plaintiffs' motion to eject defendants at Docket No. 259 is granted. In prior orders, the court determined that defendants had no legal estate in the three parcels in question because any challenges to the boundaries of Clarence's § 14(c) claim were barred by the statute of limitations. The court also determined that defendants had no present right of possession based on an adverse possession theory. Thus, the only "remaining issue in this case is which of the plaintiffs is the current title holder of the three parcels as to which ejectment is sought."[56] As to that issue, plaintiffs have now demonstrated that GZ Corporation has a legal estate in the three parcels at issue and a present right of possession to the three parcels. A judgment in this case in plaintiffs' favor will be entered shortly.

Defendants' motion for evidentiary rulings at Docket No. 269 is granted. Defendants' objections to the evidence in question are overruled except for the one relating to the transmittal letter.

Defendants' motion for evidentiary rulings at Docket No. 270 is denied.

It has been defendants' practice to file motions for reconsideration of any substantive order entered by the court. Most of these motions for reconsideration have been meritless

---

[56]Order re Case Status at 1, Docket No. 255.

because defendants merely reiterate arguments that the court has already considered and rejected.  While the court is reluctant to preclude defendants from filing a motion for reconsideration of this order, defendants are reminded that the purpose of a motion for reconsideration is not to repeat failed arguments.  The court understands that defendants believe that it is mistaken in its application of the statute of limitations and its conclusion that defendants' adverse possession affirmative defense failed.  These are issues that defendants make take up on appeal.  But, rearguing these issues over and over again to this court is not going to make the court change its mind.

DATED at Anchorage, Alaska, this 7th day of December, 2020.

/s/ H.  Russel Holland
United States District Judge

-28-