IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GWITCHYAA ZHEE CORPORATION and GWICHYAA ZHEE GWICH'IN TRIBAL GOVERNMENT,<br><br>          Plaintiffs,<br><br> vs.<br><br>CLARENCE ALEXANDER and DEMETRIE (DACHO) ALEXANDER,<br><br>      Defendants and Third-<br>      Party Plaintiffs,<br><br> vs.<br><br>DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior,<br><br>      Third-Party Defendant. | No. 4:18-cv-0016-HRH |

O R D E R

Motion for Stay Pending Appeal

 Defendants Clarence and Demetrie (Dacho) Alexander move for a stay pending appeal.[1] This motion is opposed by plaintiffs Gwitchyaa Zhee Corporation and Gwichyaa

---

[1]Docket No. 286.

Zhee Gwich'in Tribal Government.² Oral argument was not requested and is not deemed necessary.

"A request for a stay pending appeal is committed to the exercise of judicial discretion." Doe #1 v. Trump, 957 F.3d 1050, 1058 (9th Cir. 2020). "A party requesting a stay pending appeal 'bears the burden of showing that the circumstances justify an exercise of that discretion.'" Id. (quoting Nken v. Holder, 556 U.S. 418, 433–34 (2009)). The court considers the four Nken factors in determining whether the Alexanders have met their burden: "(1) whether the [Alexanders have] made a strong showing of the likelihood of success on the merits; (2) whether the [Alexanders] will be irreparably injured absent a stay; (3) whether a stay will substantially injure other parties; and (4) where the public interest lies." Id. "'The first two factors . . . are the most critical.'" Id. (quoting Nken, 556 U.S. at 434). The court "consider[s] the last two factors if the first two factors are satisfied." Id. at 1058. "Nken instructed 'that if the petition has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors.'" Id. (quoting Leiva-Perez v. Holder, 640 F.3d 962, 965 (9th Cir. 2011)). The court "therefore begin[s its] Nken analysis with consideration of irreparable harm." Id.

"In the context of a stay request, 'simply showing some possibility of irreparable injury' is insufficient." Id. at 1058-59 (quoting Nken, 556 U.S. at 434). "Rather, at this juncture, the [Alexanders have] the burden of showing that irreparable injury is likely to occur during the period before the appeal is decided." Id. at 1059.

---

²Docket No. 289.

-2-

Case 4:18-cv-00016-HRH   Document 305   Filed 01/29/21   Page 2 of 5

The Alexanders first argue that without a stay, they will be irreparably harmed because they "will be deprived of a meaningful opportunity for appellate review. . . ."[3] The Alexanders seem to be contending that if the judgment is not stayed some of the issues that they have raised in this litigation will never be addressed. This contention fails. To the extent that there are issues not addressed by the court that should have been, those issues can be addressed either on appeal or on remand, should the Alexanders prevail on their appeal.

Secondly, the Alexanders argue that they will be irreparably injured if a stay is not granted because there is a risk that GZ Corporation might deed some of the land that has been in dispute to the City of Fort Yukon. This is, at best, a possible injury, which is not sufficient for purposes of a stay. There is no evidence to suggest that it is likely that GZ Corporation will convey the land in question to any other entity. Michelle Peter, the president of GZ Corporation, has averred that "GZ Corporation desires to make this area open to the public so that members of the Fort Yukon [community] may utilize it to access the Yukon River."[4] This averment indicates that it is GZ Corporation's intention is to retain title to the land, not convey the land to the City of Fort Yukon. There is also no indication that GZ Corporation intends to convey the land to any other entity either. At times in this litigation there has been some suggestion that GZ Corporation intends to, pursuant to an agreement between the two plaintiffs, convey the land in question to the Tribe. But, GZ Corporation has not done so yet,[5] and even if it were to do so while the Alexanders' appeal was pending, they would not

---

[3]Defendants' Motion for Stay Pending Appeal at 17, Docket No. 286.

[4]Affidavit of Michelle Peter at 2, ¶ 3, Docket No. 262.

[5]Id. at ¶ 5.

be irreparably harmed as a result given that the Tribe is a party to this lawsuit and is bound by any decisions that have been or will be rendered.

The Alexanders also argue that they will be irreparably injured if a stay is not granted because they will lose improvements that they have made on the land. Dacho Alexander has averred that he would need to relocate his log milling and storage business, which could cost $10,000 to $20,000 for fencing alone, not to mention $5,000 to $17,000 for land on which to relocate.[6] This harm "is purely monetary, and 'monetary injury is not normally considered irreparable.'" Doe #1, 957 F.3d at 1060 (quoting hiQ Labs, Inc. v. LinkedIn Corp., 938 F.3d 985, 993 (9th Cir. 2019)). The Alexanders will not be irreparably injured if Dacho Alexander has to relocate his business or if they have to remove other fixtures and/or improvements from the land in question prior to the appeal being decided.

Because the Alexanders have not shown that they will be irreparably injured if a stay pending appeal is not granted, the court need not consider the other Nken factors. However, in the interest of completeness, the court will briefly address the first factor since it is one of the two "critical" factors. Id. at 1058.

The first Nken factor requires the court to consider whether the Alexanders have "made a strong showing of the likelihood of success on the merits[.]" Id. The court finds that the Alexanders have not made such a showing. The Alexanders have presented lengthy arguments as to why they would likely succeed on the merits of several of the issues they have raised in this case. These arguments are ones the court has already considered and rejected. The court understands that the Alexanders believe that it has incorrectly decided

---

[6]Affidavit of Defendant Dacho Alexander [etc.] at 3-4, ¶¶ 8-20, appended to Defendants' Opposition to Docket 255 and to Plaintiffs' Docket 259 Motion, Docket No. 263.

their § 14(c) challenges, including the Section 1632(b) issue, their adverse possession defense, their other affirmative defenses, and their counterclaims. The Alexanders also continue to insist that this case should have gone to trial rather than being decided on motion for summary judgment. But, in the instant motion and reply, the Alexanders have not presented anything new on these issues. The court is not convinced that the Ninth Circuit is likely to find for the Alexanders on appeal.

In conclusion, the court finds that the Alexanders have not shown that they will be irreparably injured if a stay is not granted. The court also finds that the Alexanders are not likely to succeed on the merits of their appeal. The court thus declines to exercise its discretion to stay this matter pending appeal. The Alexanders' motion for a stay pending appeal is denied.

The temporary administrative stay imposed by the court's order of January 21, 2021 at Docket No. 299 remains in effect for seven days after the date of this order.

DATED at Anchorage, Alaska, this 29th day of January, 2021.

/s/ H. Russel Holland<br>
United States District Judge